IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

---------------------------------------------------------------------------X
In re: :
:
UNITED FURNITURE INDUSTRIES, INC.     :     Chapter 7
:
Alleged Debtor.     :     Case No. 22-13422-SDM
:
---------------------------------------------------------------------------X

# REPLY OF WELLS FARGO BANK, NATIONAL ASSOCIATION TO RENASANT BANK'S RESPONSE TO EMERGENCY MOTION FOR APPOINTMENT OF AN INTERIM TRUSTEE AND CERTAIN AND CERTAIN RELATED RELIEF

Wells Fargo Bank, National Association ("Wells Fargo"), one of the three petitioning creditors of United Furniture Industries, Inc. (the "Debtor"), by and through its undersigned counsel, files this reply to *Renasant Bank's Response to Emergency Motion of Wells Fargo Bank, National Association, for Appointment of an Interim Trustee and Certain Related Relief* [Docket No. 28] ("Renasant's Response").

1. As Renasant's Response clearly conveys, Renasant is a narrowly focused, over-secured mortgage holder attempting to safeguard its substantial equity cushion in real estate collateral by opposing the appointment of an interim trustee, who will serve to benefit all unsecured creditors, as opposed to running a process to primarily benefit Renasant.

2. Renasant's objection to the appointment of an interim trustee demonstrates its utter lack of knowledge as to the events that have occurred and the efforts that Wells Fargo has undertaken to date (and continues to take) since the Debtor and its various subsidiaries abruptly shut down all of their operations, terminated all of their employees and abandoned all of their facilities, without any supervision or even a plan to secure and safeguard their assets or the property of third parties left in the custody of the Debtor.  Unlike Renasant, Wells Fargo is prepared to

EFC 4866-1963-0920
1039341-000995

submit evidence to this Court clearly demonstrating the need for the appointment of an interim trustee to preserve and protect the assets of this estate.

3. It was Wells Fargo, <u>not</u> Renasant (which paid down its own debt over the last month with over $1 million of Wells Fargo's collateral proceeds wrongfully deposited with Renasant), <u>not</u> the Debtor, and <u>not</u> the Debtor's equity holders, that immediately acted to secure the Debtor's facilities following the Debtor's abandonment of its facilities by arranging for security firms to continue round-the-clock security at all of Debtor's accessible facilities, hired one or more former IT employees of the Debtor to safeguard the Debtor's electronic books and records, and attempted to address the thousands of creditors, former employees, and third parties who were blindsided by the Debtor's disorderly shutdown.

4. Renasant's Response does not dispute that the Debtor belongs in a bankruptcy proceeding (clearly, it does), nor does Renasant allege that the commencement of the involuntary Chapter 7 was either inappropriate or filed in bad faith (clearly, it was not). Instead, Renasant holds out unsubstantiated hope that the Debtor will somehow rise from the ashes of its own demise and successfully run a Chapter 11 process to orderly liquidate the Debtor's assets. Renasant's desire to cooperate with the Debtor to commence a liquidating Chapter 11 sounds appealing on the surface, but it completely ignores the reality that:

(a) the Debtor has been shut down for over 45 days, irrevocably damaging the value of any going concern sale prospects,

(b) the cost of funding any Chapter 11 process for a company this size is prohibitively expensive, especially without any available source of committed funding, and

(c) Wells Fargo's collateral continues to deteriorate at an accelerated rate, making it impossible for the Debtor to ever adequately protect Wells Fargo's interest in the working capital assets in order to run a Chapter 11 process.

5. Conveniently, Renasant suggests that there is no need for an interim trustee, given that the Debtor's assets are being protected by Wells Fargo. Again, Renasant ignores the facts and

reality of this situation. Neither Wells Fargo, nor any creditor of the Debtor, can adequately administer a process for the benefit of thousands of impacted stakeholders, especially of an enterprise that was as large as the Debtor's prior to the shutdown. When the Debtor shut its doors and abandoned its assets on November 21, 2022, Wells Fargo funded in excess of $1.5 million to pay the following expenses in order to preserve and protect all of the Debtor's assets, which has benefitted all creditors, including Renasant:

(a) Utilities;

(b) Rent;

(c) Insurance;

(d) Costs associated with engaging former employees of the Debtor to assist in the preservation and protection of the assets;

(e) Costs and expenses to address numerous third-party claims, involving power units, trailers (which number over 1,500), and other equipment owned or leased by third parties;

(f) Costs associated with the delivery of goods belonging to third parties, which were not delivered due to the shut down;

(g) Costs incurred to provide building security that enabled the former employees to access various facilities in order to recover their personal belongings;

(h) Costs to maintain the buildings, particularly in light of the severe weather conditions during this period of time; and

(i) Costs incurred to address replevin actions and other enforcement actions pursued by various creditors and third parties adversely affected by the Debtor's shutdown.

6.    Unfortunately, these expenses continue to accrue, and there is much more left to do to address the myriad of claims and actions that were caused by the Debtor's shutdown. It is therefore imperative that this Court approve the appointment of an interim trustee with the authority to preserve and protect the Debtor's assets and administer the estate under the supervision of the Bankruptcy Court. For instance, numerous third parties with an ownership interest in equipment and other property located at the Debtor's shuttered facilities still need to recover their

3

property; the exercise of self-help by various creditors to seize their property, which occurred before Wells Fargo was able to arrange for security, and the ongoing race to the courthouse to replevin and remove assets, including trailers that are loaded with inventory belonging to the Debtor as well as other third parties, continues unabated; access to the Debtor's California warehouse facility, which contains not only inventory, but also vital books and records, needs to be obtained and secured; various litigations that have been commenced against the Debtor, as well as Wells Fargo, concerning the Debtor's assets must be stayed to allow for an orderly administration of the estate's assets.

7. A few other matters raised by Renasant's Response warrant a response:

(a) Although it is not clear why it concerns Renasant, the Summons commencing the involuntary Chapter 7 proceeding has been properly served on the Debtor, as evidenced by the Certificate of Service [Docket No. 22] and the Debtor has filed a notice of appearance [Docket No. 31].

(b) Renasant suggests that Wells Fargo should have nominated an interim trustee, which Wells Fargo acknowledges is the responsibility of the Office of the United States Trustee, not Wells Fargo.

(c) The Emergency Motion expressly states that Wells Fargo is prepared to cooperate with an interim trustee and fund an agreed-upon budget, which will preserve and protect and ultimately lead to the disposition of the assets for the benefit of all creditors.

(d) Wells Fargo has advised the Office of the United States Trustee that it is prepared to post a bond in the amount recommended by the United States

EFC 4866-1963-0920
1039341-000995

Trustee, despite the fact the Debtor will not have suffered any damages compensable by Section 303(i) of the Bankruptcy Code.

8.   Based on the foregoing, and the prior pleadings presented to this Court, the appointment of an interim trustee is critically necessary to preserve property of the estate and prevent further loss to the estate.

Dated: January 6, 2023

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

By: /s/ R. Spencer Clift, III
R. Spencer Clift, III (MS Bar # 100208
E. Franklin Childress, Jr. (admitted *pro hac vice*)
165 Madison Avenue
Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 577-2216
Telecopier: (901) 577-0834
Email: sclift@bakerdonelson.com
Email: fchildress@bakerdonelson.com

**OTTERBOURG P.C.**

Daniel F. Fiorillo (admitted *pro hac vice*)
Andrew M. Kramer (admitted *pro hac vice*)
Pauline McTernan (*pro hac vice* pending)

230 Park Avenue
New York, New York 10169-0075
Telephone: (212) 661-9100
Email: dfiorillo@otterbourg.com
Email: akramer@otterbourg.com
Email: pmcternan@otterbourg.com

***Attorneys for Petitioner Wells Fargo Bank, N.A.***

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following on January 6, 2023 by electronically filing the same, which will send a notification of filing and copy of the foregoing to all counsel of record. In addition, upon filing copies have been served via email to the following:

| | |
|---|---|
| Renasant Bank<br>c/o<br>James P. Wilson, Jr.<br>jwilson@mitchellmcnutt.com<br><br>D. Andrew Phillips, Esq.<br>aphillips@mitchellmcnutt.com<br><br>Sammye S. Tharp, Trial Attorney<br>sammye.s.tharp@usdoj.gov<br><br>Craig Geno<br>cmgeno@cmgenolaw.com<br><br>R. Michael Bolen<br>rmb@hoodbolen.com<br><br>René S. Roupinian<br>mailto:rsr@raisnerroupinian.com<br><br>Evan N. Parrott<br>eparrott@maynardcooper.com | United Furniture Industries, Inc.<br>c/o<br>John D. Moore<br>john@johndmoorepa.com<br><br>Mark S. Melickian<br>mmelickian@sfgh.com<br><br>Christopher B. Wick<br>cwick@hahnlaw.com<br><br><br>David S. Humphreys, Esq.<br>Eric F. Hatten, Esq.<br>ehatten@thecarsonlawgroup.com<br>amcknight@thecarsonlawgroup.com<br>smcmullen@thecarsonlawgroup.com<br><br>Philip C. Hearn, Esq.<br>Charles C. Cole, Esq.<br>philiphearn@yahoo.com<br>cass.hearnlaw@gmail.com<br><br>Thomas A. Wicker<br>taw@hillenwicker.com<br>Michael D. Tapscott<br>mdt@hillenwicker.com |

                                           */s/ R. Spencer Clift, III*_____
                                           R. Spencer Clift, III

EFC 4866-1963-0920
1039341-000995