**SO ORDERED,**

**Judge Selene D. Maddox**

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| UNITED FURNITURE INDUSTRIES, INC., *et al.*[1] | ) | Case No. 22-13422-SDM |
| | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER (I) APPROVING SALE OF CERTAIN PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; (II) AUTHORIZING CONSUMMATION AND CLOSING OF SALE; (III) APPROVING PAYMENT OF COMMISSIONS AND OTHER SALE COSTS; AND (IV) GRANTING RELATED RELIEF**

THIS CAUSE came before the Court at a hearing on August 1, 2023 (the "**Sale Hearing**"), to consider approval of the sale of certain real property as requested by Derek Henderson, Chapter 11 trustee ("**Trustee**") for each of the above-captioned debtors (collectively, the "**Debtors**"), pursuant to the *Notice of (I) Sale of Real Property, (II) Designation of Stalking*

[1] The Debtors in these Chapter 11 cases, and the last four digits of each Debtor's federal tax identification number, are as follows: United Furniture Industries, Inc. (2576); United Furniture Industries NC, LLC.(9015); United Furniture Industries CA, Inc. (9966); FW Acquisition, LLC (2133); Furniture Wood, Inc. (9186);United Wood Products, Inc. (1061); Associated Bunk Bed Company (0569); UFI Royal Development, LLC (8143); UFI Exporter, Inc. (6518); UFI Transportation, LLC (9471); and LS Logistics, LLC (7004).

*Horse Purchaser, (III) Bid Procedures, Dates and Timeline for Auction, And (IV) Sale Hearing to Approve Sale, Payment of Real Estate Commission and Related Relief* [Dkt #612] (the "**Notice of Sale**").[2] The Notice of Sale was issued by the Trustee in accordance with the Court's *Order (A) Establishing Bidding Procedures Relating to Sales of Real Property; (B) Scheduling Auction and Hearing to Consider Proposed Sales; (C) Approving Proposed Sales; and (D) Granting Related Relief* [Dkt #568] (the "**Bid Procedures Order**") to formally (i) commence the sale (the "**Sale**") of the Purchased Property (as defined in the Purchase Agreement (as defined herein)) free and clear of liens, claims, interests and encumbrances pursuant to § 363 of the Bankruptcy Code, (ii) designate a Stalking Horse Purchaser and grant a Breakup Fee and Bid Protections, (iii) schedule an Auction and a Sale Hearing to consider approval of the Sale of the Purchased Property as requested and described therein, and (iv) approving payment of real estate professional commissions and expenses and other costs related to the Sale. The Trustee now seeks approval of the Sale of the Purchased Property to Phoenix Acquisition LLC ("**Purchaser**") as the Successful Bidder pursuant to the Purchase and Sale Agreement (the "**Purchase Agreement**") executed and delivered by Purchaser to the Trustee.

The Court, having reviewed the Notice of Sale and all exhibits thereto, and having received evidence and heard statements in support of the relief requested therein at the Sale Hearing, and it appearing that the relief requested in the Notice of Sale is in the best interest of the Debtors' estates, and having determined the legal and factual bases advanced by the Trustee establish just cause for the relief granted herein, makes the following findings of fact and conclusions of law:

---

[2] Any capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Notice of Sale.

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

D. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

E. The bases for the relief requested pursuant to the Notice of Sale are §§ 105, 363, 503, and 507 of 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and Bankruptcy Rules 2002, 6004, 9007 and 9014.

F. Good and sufficient service of the Notice of Sale and the Sale Hearing was made by the Trustee to provide notice in compliance with all applicable requirements under the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules for the Northern and Southern Districts of Mississippi, the Bid Procedures Order, and all other applicable Court orders. A reasonable and fair opportunity to object or be heard regarding the relief requested in the Notice of Sale has been afforded to all parties in interest.

G. As demonstrated by the testimony and/or other evidence proffered or adduced at the Sale Hearing, the Trustee exercised sound business judgment and discretion in connection with his decision to effect a Sale of the Purchased Property in accordance with the Bid Procedures. The Trustee appropriately marketed the Purchased Property under the circumstances and provided a full, fair, and reasonable opportunity to all Qualified Bidders to make the highest and best offer for the Purchased Property.

H. Because the number and nature of the Bids received was insufficient to justify conducting an Auction, the Auction was cancelled by the Trustee as per his *Notice of Cancellation of Auction* [Dkt #714].

I. Purchaser is therefore deemed to be the Successful Bidder, and the Purchase Agreement constitutes the highest and best Bid for the Purchased Property. The Purchaser complied in all respects with the Bid Procedures Order and all other applicable orders of this Court in negotiating and entering into the Purchase Agreement, and the Sale and the Purchase Agreement likewise comply with the Bid Procedures Order and all other applicable orders of this Court.

J. The Purchaser (i) is purchasing the Purchased Property in good faith and (ii) is a good faith purchaser for value within the meaning of § 363(m) of the Bankruptcy Code and therefore is entitled to the full protections of that provision and any other applicable or similar bankruptcy or non-bankruptcy law. The Purchaser otherwise has proceeded in good faith in all respects in connection with this proceeding in that, among other things: (a) the Purchaser recognized that the Trustee was free to deal with any other party interested in acquiring the Purchased Property; (b) the Purchaser was subjected to a bidding process designed to solicit competitive bids; (c) all payments to be made by the Purchaser in connection with the Purchase Agreement have been disclosed; (d) the Purchaser has not violated § 363(n) of the Bankruptcy Code by any action or inaction; and (e) the Purchase Agreement was negotiated, proposed and entered into in good faith and from arm's-length bargaining positions with the parties represented by competent professionals of their choosing.

K. The total consideration provided by the Purchaser pursuant to the Purchase Agreement, including the Purchase Price, constitutes reasonably equivalent value and fair

consideration under the Bankruptcy Code and otherwise. The Purchase Agreement, including the form and total consideration to be realized by the Trustee under the Purchase Agreement, (i) constitutes the highest and best offer received by the Trustee for the Purchased Property; (ii) is fair and reasonable; and (iii) is in the best interests of the Debtors' estates, their creditors, and all other parties in interest.

L. Neither the Purchaser nor any of its affiliates, officers, directors, managers, shareholders, members or any of their respective successors or assigns is an "insider" of the Debtor, as that term is defined in § 101(31) of the Bankruptcy Code, nor do any of the foregoing have any pre-existing relationship or affiliation with the Debtors, their management, their equity owners, or the Trustee.

M. No basis has been shown to permit Purchaser to be deemed to: (a) be the successor of or successor to any Debtor, including any common law successor liability, (b) have, *de facto*, or otherwise, merged with or into any Debtor, (c) be a mere continuation or substantial continuation of any Debtor or the enterprise(s) thereof, or (d) be liable for any acts or omissions of any Debtor in the conduct of their businesses or arising under or related to the Purchased Property other than as set forth in this Sale Order or the Purchase Agreement. Without limiting the generality of the foregoing, and except as otherwise provided in this Sale Order or the Purchase Agreement, Purchaser shall not be liable for any liens, claims, interests or encumbrances against any Debtor or any of their predecessors or affiliates, and Purchaser shall have no successor or vicarious liability of any kind or character whether known or unknown as of the closing of the Sale whether now existing or hereafter arising, or whether fixed or contingent, with respect to the Purchased Property or any liabilities of any Debtor arising prior to the closing of the Sale.

N. Subject to the entry of this Sale Order, the Trustee has full power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and the Sale has been duly and validly authorized. No consents or approvals other than those provided for in the Purchase Agreement are required for the Trustee to consummate the Sale described therein.

O. The Trustee may sell the Purchased Property to the Purchaser free and clear of all liens, claims, interests, and encumbrances (other than the Permitted Encumbrances (as defined in the Purchase Agreement)) and has satisfied one or more of the requirements of § 363(f) of the Bankruptcy Code. Any such party asserting a lien, claim, interest, or encumbrance who did not object or withdrew its objection to the Sale, are deemed to have consented thereto pursuant to § 363(f)(2) of the Bankruptcy Code.

P. The costs and commissions sought to be paid by the Trustee as set forth in the Sale Notice are reasonable and necessary expenses of the estates incurred in connection with the Sale of the Purchased Property and should be paid at Closing of the Sale. The Trustee's request for approval and payment of the real estate commission and reimbursement of expenses to B. Riley Real Estate, LLC ("**B. Riley**") is consistent with the terms and conditions of its engagement as approved by the Court [Dkt #391], said commission and expenses are reasonable and necessary and should be approved and paid at Closing of the Sale. B. Riley is entitled to receive its commission payments and reimbursement of expenses in accordance with § 328(a) of the Bankruptcy Code and Bankruptcy Rule 2016(a).

Q. The *Limited Objection* [Dkt #626] to the Notice of Sale filed by the Official Committee of Unsecured Creditors (the "**Committee**"), which was preserved for determination at the Sale Hearing by the Court's *Agreed Order Reserving Limited Objection by the Official*

*Committee of Unsecured Creditors to Notice of Sale* [Dkt #640], is resolved and hereby withdrawn.

R. The *Limited Response and Conditional Objection* filed by Renasant Bank [Dkt #729] and *Limited Response and Conditional Objection* filed by BNA Bank [Dkt #730] are both resolved and hereby withdrawn.

S. The Trustee has articulated good and sound business reasons for waiving the stay otherwise imposed by Bankruptcy Rules 6004(h) and 7062.

THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Sale of the Purchased Property, as requested in the Notice of Sale, is hereby approved in accordance with § 363(b) of the Bankruptcy Code. All objections, responses, statements, and reservations of rights that have not been withdrawn, waived, or settled, as announced to the Court at the Sale Hearing or by stipulation filed with the Court, are overruled, and denied on the merits with prejudice.

**Approval of the Purchase Agreement and the Sale**

2. The Purchase Agreement and all other documents contemplated hereby, all terms and conditions thereof, and consummation of the Sale and any associated transactions therein, are authorized and approved in all respects pursuant to § 363(b) of the Bankruptcy Code. The failure to specifically include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, with it being this Court's intention that the Purchase Agreement be authorized and approved in its entirety.

3. Pursuant to §§ 105, 363, 503, and 507 of the Bankruptcy Code, as well as the Purchase Agreement, the Sale is hereby approved, and the Trustee is authorized to enter into and perform the Purchase Agreement. The Trustee and Purchaser are hereby authorized and

directed to take any and all actions necessary or appropriate to consummate and Close the Sale in accordance with the Notice of Sale, the Purchase Agreement, and this Sale Order.

4. The transfer of the Purchased Property to the Purchaser shall vest the Purchaser with all right, title and interest of the Debtor(s) in and to the Purchased Property, free and clear of all liens, claims, interests and encumbrances of any kind or nature whatsoever, other than the Permitted Encumbrances, with all such liens, claims, interests and encumbrances attaching to the net cash proceeds of the Sale in the order of their priority, with the same validity, force and effect that they now have as against the Purchased Property, subject to any claims and defenses the Trustee or the estates may possess with respect thereto. All holders of liens, claims, interests, and encumbrances fall within one or more subsections of § 363(f) of the Bankruptcy Code and are adequately protected by having their interests attach to the net proceeds received by the Trustee.

5. Upon Closing of the Sale, any holder of an asserted lien, claim, interest, or encumbrance is authorized and directed to execute such documents or instruments and take all other actions as may be necessary to release them as they may have been recorded or may otherwise exist.

6. If any person or entity that has filed financing statements, mortgages, *lis pendens* or other documents or agreements constituting a lien, claim, interest or encumbrance in or against the Purchased Property (other than the Permitted Encumbrances) and has not delivered to the Trustee prior to the closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction or releases thereof, then: (a) the Purchaser or its designee is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with

respect to the Purchased Property, and (b) the Purchaser or its designee is hereby authorized to file, register or otherwise record a certified copy of this Sale Order, which shall constitute conclusive evidence of the release of all liens, claims, interests or encumbrances in the Purchased Property of any kind or nature whatsoever. Each governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement and this Sale Order.

7. This Sale Order: (a) shall be effective as a determination that, other than the Permitted Encumbrances, at the closing of the Sale, all liens, claims, interests or encumbrances of any kind or nature whatsoever existing as to the Purchased Property prior to the Closing of the Sale have been unconditionally released, discharged and terminated as to the Purchased Property being sold (but not, for the avoidance of doubt, released, discharged or terminated with respect to the net proceeds of the Sale of the Purchased Property), and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Property.

8. Except for the Permitted Encumbrances, all persons holding liens, claims, interests, or encumbrances against or in any Debtor or the Purchased Property of any kind or

nature whatsoever hereby are forever barred, estopped, and permanently enjoined from asserting, enforcing, prosecuting, or otherwise pursuing the same against the Purchaser or its affiliates, officers, directors, shareholders or partners, its successors and assigns or the Purchased Property.

**Purchaser Protections**

9. To the fullest extent permissible under applicable law, Purchaser shall not be deemed to: (a) be the successor of or successor to any Debtor, including any common law successor liability, (b) have, *de facto*, or otherwise, merged with or into any Debtor, (c) be a mere continuation or substantial continuation of any Debtor or the enterprise(s), or (d) be liable for any acts or omissions of any Debtor in the conduct of their businesses or arising under or related to the Purchased Property other than as set forth in this Sale Order or the Purchase Agreement. Purchaser shall have no successor or vicarious liability of any kind or character whether known or unknown as of the date of the closing of the Sale, whether now existing or hereafter arising, or whether fixed or contingent, with respect to the Purchased Property or any liabilities of any Debtor arising prior to the Closing.

10. Any person or entity that is currently, or on the date of the closing of the Sale may be, in possession of some or all of the Purchased Property is hereby directed to surrender possession of such Purchased Property either to (a) the Trustee before Closing of the Sale or (b) to Purchaser or its designee upon or after Closing of the Sale.

11. Purchaser is a good faith purchaser of the Purchased Property and is entitled to all of the benefits and protections afforded by § 363(m) of the Bankruptcy Code and other applicable law.

**Approval of Commissions and Expenses**

12. The Trustee's request for approval to pay the commission and expenses of B. Riley in connection with the Sale of the Purchased Property is granted and approved in full pursuant to § 328(a) of the Bankruptcy Code. B. Riley's commission equal to 2.5% of the Purchase Price, along with its reasonable and necessary expenses incurred in connection with the marketing and sales process, shall be deemed allowed administrative expenses under § 507 of the Bankruptcy Code and shall be paid by the Trustee at Closing from the Sale proceeds.

13. The Trustee is authorized to pay and/or reimburse, as applicable, all additional costs incurred in connection with the marketing and preparation of the Purchased Property to be marketed to Potential Bidders, the Sale, and the Closing, including but not limited to the Diligence Materials.

**Miscellaneous Provisions**

14. The Trustee shall pay by wire transfer (or other method so requested by any payee), on the Closing Date, from the net proceeds of the Sale, such amounts as are necessary as of such date to pay in full the secured claims of Renasant Bank, Three Rivers Planning and Development District (one wire transfer directly to Renasant Bank for the secured claims of Renasant Bank[3] and Three Rivers Planning and Development District), BNA Bank, the David A. Belford Separate Property Trust, and United Finance Services, LLC, including, without

[3] Pursuant to the loan documents securing its secured claim, Renasant Bank, following the occurrence of certain events of default under such loan documents and prior to entry of the order for relief in these cases, advanced the sum of $2,099,987.99 pursuant to the promissory notes and reimbursement agreements executed and delivered by Debtor United Furniture Industries, Inc. to Renasant Bank and deposited such sums in an account owned and controlled by Renasant Bank (such funds being referenced herein as the "**Letter of Credit Escrow**"). The Letter of Credit Escrow was established in order to provide funds to satisfy a letter of credit, in the amount of $2,100,000.00, issued by Renasant Bank to Great American Insurance Company on behalf of Debtor United Furniture Industries, Inc. (the "**Great American Letter of Credit**"). The Great American Letter of Credit has not yet been called and is set to expire on October 17, 2023. In the event the Great American Letter of Credit is not called in its entirety and all or a portion of the Letter of Credit Escrow has not been exhausted as result of a call of such Great American Letter of Credit at the time of its expiration, then Renasant Bank is authorized and directed to pay such remaining funds to the Trustee on behalf of the estate.

limitation, all accrued interest, attorneys' fees, late fees and other fees and expenses allowed by the loan documents supporting such secured claims as required by § 506(b) of the Bankruptcy Code and shall pay to the Debtors' estates any surcharges contemplated by § 506(c) of the Bankruptcy Code assessed against the properties securing the referenced lenders' claims against the Debtors' estates.

15. The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

16. To the extent this Sale Order is inconsistent with any prior order or pleading filed in this Bankruptcy Case related to Notice of Sale or any documents or pleadings relating thereto, the terms of this Sale Order shall govern. To the extent there is an inconsistency between the terms of this Sale Order and the terms of the Purchase Agreement, the terms of this Sale Order shall govern.

17. This Sale Order and the Purchase Agreement: (a) shall be binding in all respects upon all creditors of and holders of equity interests in the Debtors (whether known or unknown), any holders of liens, claims, interests and encumbrances or Permitted Encumbrances, the Purchaser and all successors and assigns of the Purchaser, the Trustee (and any successor to the Trustee), the Debtors and their estates, and the Purchased Property; and (b) shall not be subject to rejection.

18. Notwithstanding any language to the contrary in the Purchase Agreement, this Order, or any other document or pleading, the Purchase Price paid by Purchaser shall (i) be

allocated by the Trustee as set forth in Exhibit "A" to the *Declaration of David Marks* introduced into evidence at the Sale Hearing, and (ii) to the extent of any post-Closing net Sale proceeds payable to the Debtors' estates, be accounted for by the Trustee consistent with said allocation.

19. Every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale.

20. The Trustee (and any successor to the Trustee) shall execute such documents and take such actions as may be necessary or appropriate to confirm or effectuate the Sale and the Purchase Agreement.

21. After Closing of the Sale, the Trustee shall prepare and file with the Court and transmit to the Office of the United States Trustee a report of the Sale and the disbursements of Sale proceeds made at Closing pursuant to Bankruptcy Rule 6004(f)(1).

22. The fourteen-day stay otherwise imposed by Bankruptcy Rules 6004(h) and 7062 is hereby waived, and this Sale Order shall be effective immediately upon entry.

23. This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms of this Sale Order and the Purchase Agreement, all amendments thereto and any waivers and consents thereunder, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale. This Court retains jurisdiction to compel delivery of the Purchased Property, to protect the Purchaser and its assets, including the Purchased Property, against any claims or successor and transferee liability and to enter orders, as appropriate, pursuant to §§ 105(a) or 363 of the Bankruptcy Code (or other applicable provisions) necessary to transfer the Purchased Property to the Purchaser.

24. The provisions of this Sale Order are non-severable and mutually dependent.

25. The requirements set forth in Bankruptcy Rule 6004 have been satisfied or otherwise deemed waived, and the terms of this Sale Order shall be effective immediately upon entry.

**## END OF ORDER ##**

Agreed and approved for entry:

/s/ *Paul Douglas Stewart*
Counsel for Official Committee of Unsecured Creditors

/s/ *D. Andrew Phillips*
Counsel for Renasant Bank

/s/ *D. Andrew Phillips*
Counsel for BNA Bank

/s/ *Tyler Layne*
Counsel for Phoenix Acquisition, LLC

/s/ *Sammye S. Tharp*
Trial Counsel, Office of United States Trustee

Order submitted by:

Douglas C. Noble, MS Bar No. 10526
**McCraney | Montagnet | Quin | Noble PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 707-5725
Facsimile: (601) 510-2939
Email: dnoble@mmqnlaw.com

***Counsel to Chapter 11 Trustee***