**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| UNITED FURNITURE INDUSTRIES, INC., *et al.* | ) | Case No. 22-13422-SDM |
| | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |

**CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
(A) AUTHORIZING THE SALE OF FTZ ASSETS AND
(B) APPROVING RESOLUTION OF KEPWOOD, LLC'S OBJECTIONS**

COMES NOW Derek Henderson, duly appointed Chapter 11 trustee ("**Trustee**") for each of the above-captioned debtors (collectively, the "**Debtors**"), and files this Motion, (the "**Motion**") pursuant to §§ 105(a), 363, 503, and 507 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2002, 6004, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of an order (the "**FTZ Sale Order and Objection Resolution**"): (i) approving the transfer of the North Carolina FTZ Assets (defined herein) free and clear of all liens, claims, encumbrances and duties; (ii) approving the value of the North Carolina FTZ Assets for purposes of the Duty (defined herein) payable on them by the Trustee; (iii) authorizing the Trustee to pay the Duty from the Sale Proceeds

---

[1] The Debtors in these Chapter 11 cases, and the last four digits of each Debtor's federal tax identification number, are as follows: United Furniture Industries, Inc. (2576); United Furniture Industries NC, LLC.(9015); United Furniture Industries CA, Inc. (9966); FW Acquisition, LLC (2133); Furniture Wood, Inc. (9186);United Wood Products, Inc. (1061); Associated Bunk Bed Company (0569); UFI Royal Development, LLC (8143); UFI Exporter, Inc. (6518); UFI Transportation, LLC (9471); and LS Logistics, LLC (7004).

(defined herein); (iv) approving the resolution of KepWood, LLC's Objection to Rejection (defined herein) and Sale Motion Objection (defined herein); and (v) granting related relief.

In support hereof, the Trustee shows as follows:

**Jurisdiction and Venue**

1. This Bankruptcy Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are §§ 105(a), 363, 503, and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9007, and 9014.

**Background**

4. An involuntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, was filed against United Furniture Industries, Inc. ("**UFI**") on December 30, 2022. UFI's case was converted to a voluntary case under Chapter 11 by bench ruling on January 18, 2023, and by order later entered January 27, 2023 (the "**Petition Date**") [Dkt #106], which order also directed the U.S. Trustee to appoint a Chapter 11 trustee. The Trustee was appointed for UFI on January 23, 2023, and an order approving his appointment was entered in UFI's case on January 25, 2023 [Dkt #101]. The Trustee was appointed on February 13, 2023, and all remaining cases and orders were entered approving his appointment on February 14, 2023.

5. Each of the remaining Debtors ("**Affiliated Debtors**") filed its voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**"), on

January 31, 2023. UFI is the sole owner, and the Trustee is the sole equity representative, of the Affiliated Debtors.

6. The Trustee is administering the assets and properties of the Debtors pursuant to §§ 1106 and 1108 of the Bankruptcy Code.

**FTZ Assets**

7. As of the Petition Date, Debtor United Furniture Industries NC, LLC ("**UFI NC**") was the tenant under a Lease Agreement, dated as of September 24, 2015 (the "**Lease**"), with KepWood, LLC ("**KepWood**"). Under the Lease UFI NC leased certain land, together with improvements constructed thereon, located at 523 Old Linwood Road, Lexington, North Carolina (the "**Premises**") from Kepwood. The Premises is comprised of three buildings or areas designated separately as "Area 1," "Area 2," and "Area 3" on the site plan.

8. Prior to the Petition Date, Debtors acquired certain kits consisting of pre-cut fabrics that Debtors used on furniture that they manufactured and sold. The Debtors imported some of the kits from various foreign countries (the "**FTZ Assets**") and stored them in various warehouses in areas designated as Foreign Trade Zones ("**FTZ's**"), pursuant to the Foreign Trade Zone Act, 19 U.S.C. §§ 81a, *et seq*., and related rules and regulations, including Customs regulations contained in 19 C.F.R § 146, *et seq* (the "**CBP Regulations**"). FTZ's are operated under the supervision of the Bureau of Customs and Border Protection ("**CBP**").

9. The Premises contain FTZ Assets belonging to UFI NC (the "**North Carolina FTZ Assets**").

10. Because the North Carolina FTZ Assets are subject to CBP Regulations, there are a number of hurdles and, in some cases, road blocks under the CBP Regulations limiting the Trustee's ability to dispose of them. First, the North Carolina FTZ Assets have only waste or scrap

value at this time, inasmuch as they consist of kits containing pre-cut fabrics for furniture that is no longer being manufactured or sold. The Trustee has attempted to find a party interested in buying them, but has not had any success.

11. Further, even if the Trustee had a buyer for the North Carolina FTZ Assets, neither the Debtors' estates nor the Trustee have an importer number (the Debtors' number expired), a broker, or the resources to post a bond or obtain a letter of credit as required by the CBP Regulations. (The Trustee was required by third-party brokers to post a bond in the amount of $1 million backed by a letter of credit in the amount of $1.15 million.) Therefore, the Trustee cannot comply with all of the requirements of the CBP Regulations.

12. The North Carolina FTZ Assets are the collateral of Wells Fargo Bank, N.A. ("**Wells Fargo**"). The Trustee and Wells Fargo have worked together to attempt to find a solution for sale or disposal of the North Carolina FTZ Assets to satisfy the CBP Regulations, but have not to date been able to do so.

13. Similarly, the North Carolina FTZ Assets cannot be destroyed, as there are specific rules and regulations concerning such destruction, which includes filing an application for destruction with the CBP and, if the application is granted, supervision of the destruction by the CBP or its designee and record keeping. Similarly, Kepwood does not have the ability to comply with the CBP requirements for destroying the North Carolina FTZ Assets.

**Notice of Rejection and Sale Motion**

14. On July 26, 2023, the Trustee filed a *Notice of Rejection of Non-Residential Real Property Lease (KepWood, LLC)* (the "**Rejection Notice**") [Dkt #722] notifying KepWood that the Trustee was effecting rejection of the Lease and abandonment of of all personal property

remaining at the Premises, including the North Carolina FTZ Assets, as of the "Effective Date" of July 31, 2023 .

15. KepWood filed its *Objection to Trustee's Notice of Rejection of Non-Residential Real Property Lease* (the "**Objection to Rejection**") [Dkt #757] on August 9, 2023 In the Objection, KepWood argues that rejection of the Lease and abandonment of the North Carolina FTZ Assets will subject KepWood to substantial and extensive disposal costs, along with potential liability under the CBP Regulations.

16. On or about August 30, 2023, Phoenix Acquisition LLC ("**Phoenix**") purchased certain FTZ Assets from the Debtors' estates pursuant to that *Order Granting Emergency Motion of Chapter 11 Trustee for Entry of an Order: (A) Authorizing the Transfer of Certain Assets of the Estate That are in a Foreign Trade Zone Free and Clear of Any Liens, Claims, Encumbrances, and Duties; (B) Approving the Value of the FTZ Assets for Purposes of the Duty Owed; (C) Authorizing the Trustee to Pay the Duty From the Sale Proceeds; and (D) Granting Related Relief* (the "**FTZ Sale Order**").[2]

**Sale of North Carolina FTZ Assets**

17. In order to resolve Kepwood's Rejection Objection and to dispose of the North Carolina FTZ Assets, Phoenix has agreed, as an accommodation to the Debtors' estates and

---

[2] KepWood filed its Limited Response to Emergency Motion of Chapter 11 Trustee for Entry of an Order: (A) Authorizing the Transfer of Certain Assets of the Estate That are in a Foreign Trade Zone Free and Clear of Any Liens, Claims, Encumbrances, and Duties; (B) Approving the Value of the FTZ Assets for Purposes of the Duty Owed; (C) Authorizing the Trustee to Pay the Duty From the Sale Proceeds; and (D) Granting Related Relief (the "**Sale Motion Objection**") [Dkt #784]. KepWood argued in the Sale Moton Objection that if the Court approved the Sale Motion, the Trustee should also sell and transfer the North Carolina FTZ Assets free and clear of all liens, claims, encumbrances, duties, tariffs, or other charges such that the North Carolina FTZ Assets would no longer be considered under the jurisdiction of the FTZ and the CBP. Moreover, KepWood asserts that the Trustee should pay the requisite duty, if any, for the North Carolina FTZ Assets on any Dutiable Value and KepWood and any purchaser of the North Carolina FTZ Assets should be released from any further obligations or liabilities to CBP with respect to the North Carolina FTZ Assets. Kepwood's Sale Motion Objection was overruled, with the proviso the issues raised by Kepwood regarding the North Carolina FTZ Assets were reserved and could be raised by Kepwood in connection with the resolution of the Rejection Objection and the Abandonment Objection.

Kepwood, to purchase and the Trustee has agreed to sell Phoenix the North Carolina FTZ Assets on the terms contained herein, free and clear of any liens, claims, and encumbrances, including any liabilities to CBP for duties, tariffs, or other charges, and that the North Carolina FTZ Assets will no longer be considered under the jurisdiction of the FTZ and the CBP so that Phoenix will be able to dispose of the North Carolina FTZ Assets without regard to the Foreign Trade Zone Act and its related rules and regulations, including the CBP Regulations.

18. In turn, in consideration of Phoenix's purchase of the North Carolina FTZ Assets, Kepwood has agreed to withdraw its Rejection Objection, and will not seek to recover from the Debtors' estates any rents or other amounts arising or accruing after the Effective Date of the Lease rejection other than amounts that may be asserted as a rejection damages claim. In order to facilitate the sale described herein, the Trustee will partially rescind the requested abandonment of the FTZ Assets provided for in the Rejection Notice; abandonment of all other personal property located at the Premises shall be deemed effective as of July 31, 2023.

19. The Trustee and Phoenix have agreed to $30,000 as the sale price and for purposes of establishing the dutiable value (the "Dutiable Value") of the North Carolina FTZ Assets, and that the Trustee will pay the duty (if any) on the North Carolina FTZ Assets from the proceeds of the sale (the "**Sale Proceeds**") based on that Dutiable Value applied to the applicable tariff rate for the merchandise (the "**Duty**"). Based on the Trustee's inability to find any other party interested in purchasing the North Carolina FTZ Assets at any price, the Trustee believes the Dutiable Value is fair and reasonable to all interested parties.

**Relief Requested**

20. By this Motion, the Trustee seeks entry of an Order, pursuant to Section 105(a) and 363(b) and (f) of the Bankruptcy Code: (i) authorizing the Trustee to sell and transfer the North

Carolina FTZ Assets to Phoenix for the purchase price of $30,000, free and clear of all liens, claims, and encumbrances, including any liabilities to CBP for duties, tariffs, or other charges, such that the North Carolina FTZ Assets will no longer be considered under the jurisdiction of the FTZ and the CBP; (ii) authorizing and approving $30,000 as the sales price and for purposes of establishing the Dutiable Value of the North Carolina FTZ Assets; (iii) authorizing the Trustee to pay the requisite duty for the North Carolina FTZ Assets based on the Dutiable Value from the Sale Proceeds; (iv) releasing the Trustee and the Debtors' estates from any further obligations or liabilities to CBP with respect to the North Carolina FTZ Assets upon the Trustee's payment of the required duty; and (v) with the security interest and lien of Wells Fargo attaching to the net proceeds of the sale; and (vi) such other relief as the Court deems appropriate.

21. The Trustee requests that any order reflect that Kepwood's Rejection Objection has been resolved and withdrawn by Kepwood, such that the rejection of the Lease is effective as of July 31, 2023, as set forth in the Rejection Notice and that the Debtors' estates have no liability to Kepwood for any rents or any other amounts following the Effective Date of the rejection. KepWood should be allowed thirty (30) days from the date of entry of the order to file any claim for Lease rejection damages.

**Basis for Relief Requested**

22. Although the Trustee cannot comply with all the CBP Regulations regarding the sale and transfer of the North Carolina FTZ Assets to Phoenix, this Court can, nevertheless, authorize the sale and transfer pursuant to Sections 105(a) and 363(b) and (f) of the Bankruptcy Code. This Court's authority under the Bankruptcy Code supersedes the CBP with respect to the North Carolina FTZ Assets. The Court's authority is recognized by CDB in the *Foreign-Trade Zone Manual* (the "FTZ Manual") published by the CBP. *See*

https://www.cbp.gov/documents/guides/foreign-trade-zones-manual. Section 8.6(c) of the FTZ Manual expressly provides that "if the owner or person in whose account merchandise is held in a zone declares bankruptcy, the merchandise will be disposed of according to applicable bankruptcy law."

23. Section 363(b)(1) of the Bankruptcy Code provides: "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Section 105(a) of the Bankruptcy Code provides in relevant part: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

24. This Bankruptcy Court should approve the proposed sale if Trustee demonstrates a sound business reason or justification in support thereof. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 179 (D. Del. 1991); *In re Phoenix Steel Corp.,* 82 B.R. 334, 335-36 (Bankr. D. Del. 1987) (Section 363 sale should be approved if "the proposed sale is fair and equitable, a good business reason [exists] for completing the sale and the transaction is in good faith"); *In re Lionel Corp.,* 722 F.2d 1063, 1070 (2d Cir. 1983).

25. Whether a transaction has a sufficiently articulated business justification depends on facts of the case. *See In re Cont'l Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986). A bankruptcy court should consider "all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders alike." *Continental*, 780 F.2d at 1226; *Lionel*, 722 F.2d at 1071. Relevant factors may include: "the proportionate value of the asset to the estate as a whole; the amount of elapsed time since the filing; the likelihood that a plan of reorganization will be proposed and confirmed in the near future; the effect of the

proposed disposition on the future plan of reorganization; the amount of proceeds to be obtained from the sale versus appraised values of the Property; and whether the asset is decreasing or increasing in value." *See Continental*, 780 F.2d at 1226; *Lionel*, 722 F.2d at 1071; *In re Delaware& Hudson R.R. Co., 124 B.R. 169, 176 (D. Del. 1991); In re Condere Corporation, 228 B.R. 615, 628 (Bankr. S.D. Miss. 1998).*

26. As set forth above, the Trustee has articulated a sound business reason and justification for the transfer of the North Carolina FTZ Assets to Phoenix on the proposed terms and conditions. The North Carolina FTZ Assets are of nominal value. If the Trustee does not transfer them Phoenix, the Debtors' estates will incur expenses in connection with disposing of the North Carolina FTZ Assets.

27. Pursuant to Section 363(f) of the Bankruptcy Code, this Court also has the authority to authorize the sale and transfer of the North Carolina FTZ Assets free and clear of all liens, claims, and encumbrances, including any claims or liabilities to CBP for duties, tariffs, or other charges. Section 363(f) of the Bankruptcy Code is written in the disjunctive and provides that a trustee may sell property free and clear of any lien, claim or interest in such property if:

1. applicable non-bankruptcy law permits sale of such property free and clear of such interest;
2. Such entity consents;
3. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
4. such interest is in bona fide dispute; or
5. such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*See* 11 U.S.C. § 363(f).

28. A sale free and clear is appropriate under the circumstances because the Trustee will pay CBP the Duty to which it is entitled, thereby satisfying all of the CBP's claims arising out of the sale and transfer of the North Carolina FTZ Assets out of the FTZ. Thus, the sale satisfies Sections 363(f)(3) and (5).

29. In addition, the Trustee will provide notice of this Motion and any hearing thereon to CBP. If CBP fails to object to the Motion, then it will be deemed to consent to the proposed transfer and sale, thereby complying with Section 363(f)(2) of the Bankruptcy Code.

30. Trustee also submits that it is appropriate to sell and transfer the North Carolina FTZ Assets free and clear of successor liability relating to the Debtors' or their prior business operations. Phoenix is not willing to take title to the North Carolina FTZ Assets without such a finding. Thus, such a provision ensures that Phoenix, which is accommodating the Debtors' estates, is protected from any claims or lawsuits premised on the theory that Phoenix is a successor in interest to any Debtor(s). Courts have consistently held that a buyer of a debtor's property pursuant to a Bankruptcy Code section 363 sale takes free and clear from successor liability relating to the debtors' business. *See, e.g., United States v. Knox-Schillinger (In re Trans World Airlines, Inc.)*., 322 F.3d 283, 288-90 (3d Cir. 2003) (sale of assets pursuant to section 363(f) barred successor liability claims for employment discrimination and rights under travel voucher program); *United Mine Workers of Am. 1992 Benefit Plan v. Leckie Smokeless Coal. Co. (In re Leckie Smokeless Coal Co.)*, 99 F.3d 573, 585-86 (4th Cir. 1996) (affirming the sale of debtors" assets free and clear of certain taxes); *Amphenol Corp. v. Shandler (In re Insilco Techs., Inc.)*, 351

B.R. 313, 321-22 (Bankr. D. Del. 2006) (stating that a 363 sale permits a buyer to take ownership of property without concern that a creditor will file suit based on a successor liability theory).[3]

31. Finally, Phoenix is entitled to a finding that it is a "good faith purchaser" under Section 363(m) of the Bankruptcy Code. A "good faith purchaser" is generally one who purchases assets for value, in good faith, and without knowledge of adverse claims." *In re Youngstown Steel Tank Co.*, 27 B.R. 596, 598 (W.D. Pa. 1983); *see also In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993); *Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); *In re Congoleum Corp.*, Case No. 03-51524, 2007 WL 1428477, *2 (Bankr. D. N.J. May 11, 2007). "Good faith" in the context of Section 363(m) of the Bankruptcy Code requires the Bankruptcy Court to focus on the integrity of the purchaser's conduct during the course of the sale proceedings. *In re Abbott's Dairies of Penn., Inc.*, 788 F.2d 143, 147 (3d Cir. 1986). Phoenix has conducted itself in good faith in all aspect of these proceedings, including with respect to the North Carolina FTZ Assets. Phoenix is in the real estate business and has no real use for the North Carolina FTZ Assets. It is agreeing to take the North Carolina FTZ Assets as an accommodation to the Trustee and the Debtors' estates.

32. Providing Phoenix with the protections of Section 363(m) is fair and appropriate under the circumstances. Accordingly, Trustee requests that the Order include a finding that Phoenix is a "good faith" purchaser within the meaning of § 363(m) of the Bankruptcy Code.

---

[3] Further, although it is not necessary to make such a showing under Section 362(f), Phoenix is not a continuation of the Debtors' business; there is no *de facto* merger between the Debtors and Phoenix; and there is no intent to defraud, which are the common law factors required to show successor liability by the CBP. See e.g.*, United States v. Adaptive Microsystems, LLC, et al*., 914 F. Supp. 2d 1331 (Ct. Int'l Trade 2013); *United States v. Ataka America, Inc*., 826 F. Supp. 495, 17 C.I.T. 598 (Ct. Int'l Trade 1993);

33. Pursuant to Bankruptcy Rule 6004(h), unless the Court orders otherwise, all orders authorizing the sale of property pursuant to Section 363 of the Bankruptcy Code are automatically stayed for fourteen (14) days after entry of the order. *See* Fed. R. Bankr. P. 6004(h).

34. Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes thereto are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day stay period, COLLIER ON BANKRUPTCY suggests that the stay period should be eliminated to allow a sale or other transaction to close immediately where there has been no objection to the procedure or where objections to the sale have been overruled. 10 COLLIER ON BANKRUPTCY ¶ 6004.11 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). COLLIER further provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time necessary to file such appeal. *Id.*

17. WHEREFORE, the Trustee requests that the Court enter an Order: (i) authorizing the Trustee to sell and transfer the North Carolina FTZ Assets to Phoenix, free and clear of all liens, claims, and encumbrances, including any liabilities to CBP for duties, tariffs, or other charges, such that the North Carolina FTZ Assets will no longer be considered under the jurisdiction of the FTZ and the CBP; (ii) authorizing and approving Dutiable Value of the North Carolina FTZ Assets; (iii) authorizing the Trustee to pay the requisite duty for the North Carolina FTZ Assets based on the Dutiable Value from the Sale Proceeds; (iv) providing that the security interest and lien of Wells Fargo shall attach to the net proceeds of the sale; (v) releasing the Trustee and the Debtors' estates from any further obligations or liabilities to CBP with respect to the North Carolina FTZ Assets upon the Trustee's payment of the required duty to CBP; (vi) finding and ordering that Kepwood's Rejection Objection and Abandonment Objection have been resolved and withdrawn by Kepwood, such that the rejection of the Lease is effective as of July 31, 2023,

and the Debtors' estates have no liability to Kepwood for any rents or any other amounts following the Effective Date of the rejection except for any amounts claimed and allowed as rejection damages; and (vii) granting such other relief as the Court deems appropriate.

THIS the 27th day of September, 2023.

Respectfully submitted,

**DEREK A. HENDERSON,**
**Chapter 11 Trustee of**
**UNITED FURNITURE INDUSTRIES, INC.,** ***et al.***

By: /s/ *Douglas C. Noble*

Douglas C. Noble, MS Bar No. 10526
**McCraney | Montagnet | Quin | Noble PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 707-5725
Facsimile: (601) 510-2939
Email: dnoble@MMQNLaw.com

and

Derek A. Henderson, MS Bar No. 2260
Anna Claire Henderson, MS Bar No. 106230
1765-1 Lelia Drive, Suite 103
Jackson, Mississippi 39216
Telephone: (601) 948-3167
Email: derek@derekhendersonlaw.com

***Counsel to Chapter 11 Trustee***

**CERTIFICATE OF SERVICE**

I do hereby certify that the foregoing pleading was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically.

SO CERTIFIED, this the 27th day of September, 2023.

/s/ *Douglas C. Noble*