**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| UNITED FURNITURE INDUSTRIES, INC., *et al.*[1] | ) | Case No. 22-13422-SDM |
| | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

## PLAN OF LIQUIDATION

This *Plan of Liquidation* is proposed and submitted on November 22, 2023, by Derek Henderson, duly appointed Chapter 11 trustee ("**Trustee**") for each of the above-captioned debtors (each generally a "**Debtor**" and, collectively, the "**Debtors**").

## INTRODUCTION

The Trustee proposes this plan of liquidation under Chapter 11 of the Bankruptcy Code (the "**Plan**"). ALL CREDITORS ARE ENCOURAGED TO CONSULT THE ACCOMPANYING DISCLOSURE STATEMENT APPROVED BY THE BANKRUPTCY COURT BEFORE VOTING TO ACCEPT OR REJECT THE PLAN. NO OTHER SOLICITATION MATERIALS, OTHER THAN THE DISCLOSURE STATEMENT, HAVE BEEN AUTHORIZED BY THE BANKRUPTCY COURT FOR USE IN SOLICITING ACCEPTANCES OR REJECTIONS OF THIS PLAN.

### ARTICLE 1.
### Definitions

Unless the context requires otherwise, for purposes of this Plan and any subsequent amendments or modifications hereof, the following words and phrases shall have the meaning set forth below when used in initially-capitalized form, and any term used herein that is defined in the Bankruptcy Code, but not otherwise defined herein, shall have the meaning set forth in the Bankruptcy Code:

1.1.    **"Administrative Claim"** means any indebtedness or obligations incurred or assumed by the Debtors in connection with administration of these estates or performance of this Plan, any fees and expenses of Professionals that are or become an Allowed Claim under § 503(b) of the Bankruptcy Code, the fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6), and any other Allowed Claims

---

[1]     The Debtors in these Chapter 11 cases, and the last four digits of each Debtor's federal tax identification number, are as follows: United Furniture Industries, Inc. (2576); United Furniture Industries NC, LLC.(9015); United Furniture Industries CA, Inc. (9966); FW Acquisition, LLC (2133); Furniture Wood, Inc. (9186);United Wood Products, Inc. (1061); Associated Bunk Bed Company (0569); UFI Royal Development, LLC (8143); UFI Exporter, Inc. (6518); UFI Transportation, LLC (9471); and LS Logistics, LLC (7004).

for actual, necessary costs and expenses incurred after the Filing Date for preserving the estate and operating the businesses of the Debtors asserted under §§ 503(b) and 507(a)(1).

1.2. **"Administrative Bar Date"** is November 30, 2023, established by Order of the Bankruptcy Court [Dkt #826] as the deadline for assertion of Administrative Claims against the estates other than Professional Compensation Claims or WARN Act and Related Employment Claims.

1.3. **"Affiliated Debtors"** means all Debtors other than UFI.

1.4. **"Allowed Claim"** means a claim (a) in respect of which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Rule 3003 of the Federal Rules of Bankruptcy Procedure, or filed thereafter with the Court pursuant to a final order, or (b) scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b) of the Federal Rules of Bankruptcy Procedure and not listed as disputed, contingent, or unliquidated as to amount, and in either case, as to which no written objection to the allowance thereof has been filed within any applicable period of limitation fixed by Rule 3007 of the Federal Rules of Bankruptcy Procedure, or an order of the Court, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal and as to which no appeal is pending. An allowed claim shall not include unmatured or post-petition interest on the principal amount of such claim, except as specifically provided herein.

1.5. **"Ballot"** means with respect to any class of Claims that are Impaired and entitled to vote under this Plan, the forms which will be distributed to holders of Claims to be used for showing acceptance or rejection of this Plan.

1.6. **"Case"** or **"Cases"** means, as applicable, the chapter 11 case of each Debtor or the jointly administered chapter 11 cases of the Debtors, collectively, currently pending in the Northern District of Mississippi.

1.7. **"Cash"** is lawful currency of the United States of America.

1.8. **"Causes of Action"** means any and all actions, causes of action, controversies, liabilities, obligations, rights, suits, damages, debts, dues, sums of money, accounts, judgments, claims and demands whatsoever of any of the Trustee or the Debtors, whether known or unknown, reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured, assertable directly or derivatively, existing or hereafter arising, in law, equity, or otherwise, including all Causes of Action and rights to recover money or property under Chapter 5 of the Bankruptcy Code.

1.9. **"Claim"** shall have the meaning set forth in Bankruptcy Code § 101(5) with regard to any claim asserted against any of the Debtors.

1.10. **"Claimant"** is any holder of a Claim against any of the Debtors.

1.11. **"Claim Bar Date"** is the deadline date by which a Proof of Claim was required to be filed with the clerk of the Bankruptcy Court, said deadline being May 30, 2023, for all Creditors except a Governmental Unit, and July 26, 2023, for all Governmental Units.

1.12. **"Claim Objection Deadline"** is the deadline date by which objections to Claims, including Administrative Claims, shall be filed, said deadline being prior to the date of entry of a Final Decree and the closing of the Cases.

1.13.    **"Code"** or **"Bankruptcy Code"** means Title 11 of the United States Code, 11 U.S.C. § 101, et seq., and any amendments thereto.

1.14.    **"Collateral"** means any assets or property of the Debtors that is subject to a Lien securing a Secured Claim.

1.15.    **"Committee"** is the Official Committee of Unsecured Creditors appointed in the Case by the U.S. Trustee on April 4, 2023 [Dkt #399], as originally constituted or as reconstituted thereafter.

1.16.    **"Confirmation"** shall mean the confirmation and approval of the Plan by the Bankruptcy Court in accordance with § 1129 of the Bankruptcy Code after notice and a hearing is held in accordance with Bankruptcy Code § 1128 to consider confirmation of the Plan.

1.17.    **"Confirmation Order"** means the order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code, whether or not such order shall have become a Final Order.

1.18.    **"Court"** or **"Bankruptcy Court"** means the United States Bankruptcy Court for the Northern District of Mississippi in which the Debtors' Cases are pending, and any court having competent jurisdiction to review its orders of or to hear appeals from its decisions.

1.19.    **"Debtor"** or **"Debtors"** shall have the meaning set forth in the preamble of this Plan, above.

1.20.    **"Disallowed"** means any Claim to the extent that it is not yet an Allowed Claim, whether in whole or in part.

1.21.    **"Disclosure Statement"** is the disclosure statement approved by the Court as containing adequate information concerning the Plan, in accordance with Bankruptcy Code § 1125.

1.22.    **"Disputed"** with respect to any Claim or Interest is one (i) to which an objection is timely filed, or which is otherwise disputed, until such objection is resolved by Final Order, or (ii) which is listed as disputed, contingent or unliquidated on the schedules filed by the relevant Debtor in accordance with Bankruptcy Rule 1007.

1.23.    **"Effective Date"** of the Plan means the date after the entry of the Confirmation Order confirming this Plan that the conditions to the effectiveness of the Plan have been satisfied or waived.

1.24.    **"Executory Contract"** means any executory contract of any of the Debtors as such term is used in § 365 of the Bankruptcy Code.

1.25.    **"Final Compensation Applications"** means requests for Allowance and payment of Administrative Claims asserted by Professionals seeking compensation or reimbursement of expenses from the estates and which shall also include requests for Trustee compensation and reimbursement of expenses under § 326 of the Bankruptcy Code.

1.26.    **"Final Order"** shall mean an order or judgment of the Court as to which the time to modify, amend, or appeal, petition for certiorari, or seek reargument or rehearing has expired and as to which no modification, amendment, appeal, reargument, certiorari petition, or rehearing is pending, or if such action has been sought, the order of the Court has been affirmed by the highest court to which the order was appealed or from which the reargument or rehearing was sought, or certiorari has been denied,

or the appeal is dismissed or rendered moot, and the time to take any further appeal or to seek certiorari or further reargument or rehearing has expired.

1.27. **"Impaired"** means, with regard to any Class of Claims or Interests, that the rights of the Claimants in such Class are deemed impaired under § 1124 of the Bankruptcy Code.

1.28. **"Insurance Coverage"** means any insurance coverage under any Insurance Policy which is available for the payment of liability, damages, fees or expenses arising from or related to Tort Claims.

1.29. **"Insurance Policy"** means any insurance policy in effect at any time on or before the Effective Date (and as such policy may be continued following the Effective Date) naming any of the Debtors (or any officer, director, employee, agent or other person presently or previously affiliated with any of the Debtors) as an insured, or otherwise affording any such person insurance coverage, upon which any Claim has been or may be made with respect to any Tort Claim.

1.30. **"Interest"** is the legal, equitable and contractual rights of the owner or holder of an equity interest in any of the Debtor entities.

1.31. **"Involuntary Petition"** is the involuntary petition for relief under Chapter 7 of the Code which was filed against UFI on December 30, 2022.

1.32. **"Lien"** is any lien, security interest, encumbrance, charge against or other interest in property or assets of any of the Debtors which secures payment of a Claim or performance of an obligation of any of the Debtors.

1.33. **"Liquidating Trust"** is the trust formed pursuant to the Plan and to be administered pursuant to the Trust Agreement.

1.34. **"Liquidating Trustee"** means Derek Henderson, in his capacity as trustee of the Liquidating Trust.

1.35. **"Net Cash Proceeds"** or **"Net Cash Available"** means the Cash remaining after all expenses have been deducted from Cash proceeds or available Cash, and after all authorized reserves, setoffs, recoupments, holdbacks or escrows have been applied.

1.36. **"Net Trust Proceeds"** means the Net Cash Available in the Liquidating Trust after satisfaction of Trust Expenses and after funding the Trust Expense Reserve.

1.37. **"Order for Relief"** means the order entered January 27, 2023 [Dkt #106] converting the Involuntary Petition against UFI to a voluntary petition under Chapter 11 and also directing the U.S. Trustee to appoint a chapter 11 trustee.

1.38. **"Petition Date"** means, as to UFI, December 30, 2022, and as to all Affiliated Debtors, January 31, 2023.

1.39. **"Plan"** shall mean this Plan, all addenda, exhibits, schedules, releases and other attachments, and any amendments, modifications, or alterations thereof.

1.40. **"Priority Claim"** shall mean an Allowed Unsecured Claim entitled to priority under §§ 507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6), and 507(a)(7) of the Code and which is not a Priority Tax Claim.

1.41.    **"Priority Tax Claim"** means any Claim, or portion thereof, entitled to priority pursuant to § 507(a)(8) of the Bankruptcy Code to the extent it becomes an Allowed Claim; *provided, however,* no Priority Tax Claim shall be entitled to receive any payment on account of any penalty arising with respect to or in connection therewith, and any such Claim or demand for any penalty shall be classified and treated as an Unsecured Claim hereunder.

1.42.    **"Professionals"** means the professionals retained by the Trustee or the Committee, the retention of which has been approved by the Court, and any other professionals authorized to receive compensation or reimbursement of expenses from the estates by Final Order of the Court.

1.43.    **"*pro rata*"** shall mean in the same proportion that the amount of any Allowed Claim or Interest in a class bears to the aggregate amount of all Claims or Interests in such class, including in such aggregate amount both the Allowed Claims and any then unresolved Disputed Claims in such class as of the date of any distribution payment pursuant to this Plan.

1.44.    **"Rejection Claim"** is an Unsecured Claim asserted under § 502(g) of the Bankruptcy Code resulting from the rejection of any Executory Contract or Unexpired Lease in accordance with § 365 of the Bankruptcy Code.

1.45.    **"Secured Claim"** shall mean an allowed claim which is secured by a Lien, security interest or other charge against or interest in property in which any Debtor has an interest, or which is subject to setoff under § 553 of the Code, to the extent of the value of the interest of such Claimant's interest in property of a Debtor as determined in accordance with § 506(a) of the Code.

1.46.    **"Surcharge Recoveries"** means all costs incurred or accrued by the Trustee or Liquidating Trustee, as applicable, associated with protection, preservation, collection, or disposition of Collateral securing an Allowed Secured Claim recoverable by the Trustee or Liquidating Trustee from the Collateral in accordance with Bankruptcy Code § 506(c).

1.47.    **"Surcharge Settlement Agreement"** is that certain Settlement Agreement [Dkt #799-1] between the Trustee and Wells Fargo resolving the amounts and methodology for assertion and payment of amounts claimed by the Trustee as expenses surchargeable against property securing the Secured Claim of Wells Fargo under § 506(c) of the Bankruptcy Code.

1.48.    **"Tort Claim"** is a Claim against any of the Debtors arising from a private or civil wrong or injury, other than breach of contract.

1.49.    **"Treasury Regulation"** means Title 26 of the Code of Federal Regulations, 26 C.F.R.  § 1.0-1, *et seq*., as now in effect or hereafter amended.

1.50.    **"Trust Agreement"** means agreement effecting formation and governing administration of the Liquidating Trust in form and substance substantially similar to that attached as Exhibit "A" hereto.

1.51.    **"Trust Assets"** means all assets and property in which the Trustee or any of the Debtors' estates holds or retains any interest as of the Effective Date and all rights and privileges of any kind, whether tangible and intangible, movable or immovable, choate or inchoate, and inclusive of all Causes of Action, which shall be transferred on the Effective Date to the Liquidating Trust under Section 6.1 of the Plan.

1.52.    **"Trust Expense Reserve"** means that amount of Cash determined by the Liquidating Trustee, in his sole discretion at any given time and from time to time, to be necessary or advisable to reserve for payment of future Trust Expenses anticipated to be incurred by the Liquidating Trust.

1.53.    **"Trust Expenses"** are any and all reasonable or necessary expenses of managing, operating, disposing of or preserving the Liquidating Trust and/or Trust Assets, including but not limited to the compensation and expenses incurred by the Liquidating Trustee and Professionals employed by the Liquidating Trustee, and any other costs, expenses, charges associated with administration and maintenance of the Liquidating Trust and/or Trust Assets.

1.54.    **"UFI"** means United Furniture Industries, Inc.

1.55.    **"Unexpired Lease"** means any unexpired lease of any of the Debtors as such term is used in § 365 of the Bankruptcy Code.

1.56.    **"Unimpaired"** means, as to any Class of Claims or Interests, that the rights of the Claimants in such Class are not Impaired.

1.57.    **"Unsecured Claim"** shall mean any allowed claim which arises under any Executory Contract or Lease which has been rejected, any deficiency Claim, any Claim of a general trade creditor, any Claim for unpaid wages or benefits (including Claims for vacation, sick and holiday pay) to the extent not entitled to priority and any other obligation, liability or Claim of any kind or nature held against the Debtor which was incurred on or before the Petition Date; provided, however, that an Unsecured Claim shall not include any Secured Claim, Administrative Expense, Priority Claim or Tax Claim.

1.58.    **"Voluntary Petition Date"** is January 31, 2023, the date on which voluntary petitions were filed for each of the Affiliated Debtors.

1.59.    **"WARN Act and Related Employment Claims"** means the Claims asserted by former employees of the Debtors under the Worker Adjustment and Retraining Notification ("WARN") Act, 28 USC § 2101, *et. seq.*, and/or under the state laws of California, Mississippi and North Carolina, seeking wages, benefits and/or other forms of compensation allegedly due as a result of the Debtors' shut-down on or about November 21, 2022.  The WARN Act and Related Employment Claims are Disputed Claims to be resolved in the WARN Class Action.

1.60.    **"WARN Class Action"** means those certain consolidated adversary proceedings pending as a class action under Adversary Proceeding No. 23-01005 styled *Neal, et al., v. United Furniture Industries, Inc., et al.*, comprised of a proposed WARN Act class and proposed sub-classes for the Related Employment Claims arising under state law.

1.61.    **"Wells Fargo"** is Wells Fargo Bank, N.A.

1.62.    **"Wells Fargo Secured Claims"** means the portions of Claims asserted by Wells Fargo as evidenced by Claim Nos. 1163, 1164, 1165, 1166, 1170, 1171, 1173, 1174, 1176, 1177, and 1186 filed in the Bankruptcy Case which are Allowed Secured Claims under § 506(b) of the Bankruptcy Code to the extent of the value of any Collateral securing said Claims; *provided, however,* that payments made under the Plan on account of the Wells Fargo Secured Claims remain subject to the terms and conditions of the Surcharge Settlement Agreement.

## ARTICLE 2.
## Plan Summary

The Plan is a plan of liquidation to be implemented by transferring all remaining assets and properties of the estates to the Liquidating Trust to be administered by the Liquidating Trustee.  All Debtor entities shall be substantively consolidated for all purposes relating to consideration, approval and implementation of the Plan, and all Debtors shall have their combined assets and property administered and distributed collectively.  The holders of Claims against any Debtor shall be deemed to hold a Claim against the single, substantively consolidated estate.  Holders of Claims and Interests will vote on the Plan according to the treatment of the Claims and Interests asserted against the consolidated estate.  The Plan provides for the continued liquidation and administration of the Debtors' estates by the Liquidating Trustee pursuant to the Liquidating Trust, including resolving objections to Claims, pursuing Causes of Action and monetizing all other assets from and after the Effective Date.  All Interests in the Debtors will be cancelled, and the holders of such Interests will not receive distribution under the Plan.

## ARTICLE 3.
## Administrative Claims

3.1.    *Allowance and Payment.*

3.1.1.    Unless otherwise agreed, each holder of an Allowed Administrative Claim shall be paid in Cash equal to the amount of the holder's Allowed Administrative Claim on the later of (i) the Effective Date, (ii) the date funds become available to pay such Allowed Administrative Claim or (iii) as soon as practicable after such Administrative Claim becomes payable pursuant to (a) any agreement between Liquidating Trust, as applicable, and the holder of such Administrative Claim or (b) by Final Order.  In the event an Allowed Administrative Claim is not paid in full on or before the Effective Date, the Liquidating Trust shall satisfy the remaining balance in accordance with the distribution provisions contained in Section 6.4 of the Plan.  Distributions to holders of Allowed Administrative Claims shall be made from Net Cash Available or Net Trust Proceeds as and when applicable under the Plan.

3.1.2.    All requests for payment of previously unpaid Administrative Claims shall have been made by the Administrative Bar Date, and the failure to do so shall render such unpaid Administrative Claims shall be waived, discharged and forever barred.  All such requests are subject to review and approval by the Bankruptcy Court after notice and a hearing.

3.1.3.    All fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930 that become due prior to the Effective Date shall be paid by the Trustee on or as soon as practicable after the Effective Date, and all such fees which become due thereafter, if any, shall be paid by the Trustee or Liquidating Trustee, as applicable, when due.

3.2.    *Final Applications for Compensation by Officers and Professionals.*  All Final Compensation Applications shall be filed with the Court within thirty (30) days after the Effective Date, unless another date is established by Order of the Court.  Any such Claims for which an application is not timely filed shall be deemed waived, discharged and forever barred.

## ARTICLE 4.
## Classification Of Claims and Interests

4.1.    *Unclassified Claims.*  Administrative Claims are not classified pursuant to § 1123(a) of the Bankruptcy Code and are treated separately as provided in § 1129(a) of the Bankruptcy Code.

4.2.    *Classified Claims and Interests.*  Claims against and Interests in the Debtors are classified in the following classes:

4.2.1.    <u>Class 1A</u>:    Priority Claims

4.2.2.    <u>Class 1B</u>:    Priority Tax Claims

4.2.3.    <u>Class 2</u>:    Wells Fargo Secured Claim

4.2.4.    <u>Class 3</u>:    Other Secured Claims

4.2.5.    <u>Class 4</u>:    WARN Act and Related Employment Claims

4.2.6.    <u>Class 5</u>:    Tort Claims

4.2.7.    <u>Class 6</u>:    Unsecured Claims

4.2.8.    <u>Class 7</u>:    Interests

## ARTICLE 5.
## Treatment and Voting Rights of Classified Claims and Interests

5.1.    *Treatment of Claims and Interests*

5.1.1.    <u>Class 1A</u>: Priority Claims

a.    **Treatment**.  Each holder of an Allowed Class 1A Priority Claim will receive as and when provided for in this Plan its *pro rata* share of (a) Cash on hand on the Effective Date and (b) Cash realized from the liquidation and collection of remaining assets and property of the Debtors by the Liquidating Trustee after the Effective Date, and such distribution(s) shall be in full satisfaction of said Allowed Class 1A Claims.

b.    **Impairment**.  Class 1A is Impaired and entitled to vote on the Plan.

5.1.2.    <u>Class 1B</u>: Priority Tax Claims

a.    **Treatment**.  Each holder of an Allowed Class 1B Priority Tax Claim will receive as and when provided for in this Plan, after payment of in full of all Class 1A Priority Claims, its *pro rata* share of (a) Cash on hand on the Effective Date and (b) Cash realized from the liquidation and collection of remaining assets and property of the Debtors by the Liquidating Trustee after the Effective Date, and such distribution(s) shall be in full satisfaction of said Allowed Class 1B Claims.

b.    **Impairment**.  Class 1B is Impaired and entitled to vote on the Plan.

5.1.3.    <u>Class 2</u>: Wells Fargo Secured Claims

a.    **Treatment**.  The Class 2 Claims consist of the Wells Fargo Secured Claims and will be satisfied through one or more distributions in accordance with Section 6.4 of the Plan. The Trustee and Liquidating Trustee, as applicable, will (i) liquidate and collect all remaining Collateral securing the Claims of Wells Fargo and, subject to the Surcharge Settlement Agreement and any other applicable provisions of the Plan, remit all Net Cash Proceeds to Wells Fargo, or (ii) abandon such

Collateral.  Payment of all said proceeds and/or abandonment of Collateral shall be in full satisfaction of liability to Wells Fargo on account of its Class 2 Claims.  Except as modified by the Plan, Confirmation Order or any previously entered Final Order of the Bankruptcy Court, all loan and security documents existing prior to the Effective Date and all Liens resulting therefrom shall remain in place on and after the Effective Date until such time as the Class 2 Claim is satisfied in full.

    b.  **Impairment**.  Class 2 is Impaired and entitled to vote on the Plan.

   5.1.4. <u>Class 3</u>: Other Secured Claims

    a.  **Treatment**.  Each holder of an Allowed Class 3 Secured Claim will receive as and when provided for in this Plan (a) Net Cash Proceeds realized from the liquidation and collection of Collateral securing such Class 3 Claim and/or (b) return of the Collateral.  Distribution of such proceeds or return of Collateral shall be in full satisfaction of said Allowed Class 3 Claims.

    b.  **Impairment**.  Class 3 is Unimpaired and not entitled to vote on the Plan.

   5.1.5. <u>Class 4</u>:  WARN Act and Related Employment Claims

    a.  **Treatment**.  The Class 4 Claims consist of the WARN Act and Related Employment Claims.  Resolution of the WARN Class Action will determine (i) whether the WARN Act and Related Employment Claims are Allowed, and (ii) if Allowed, whether and to what extent the WARN Act and Related Employment Claims are Class 1A Priority Claims or Class 6 Unsecured Claims.  Upon final adjudication of the WARN Class Action, all Class 4 WARN Act and Related Employment Claims shall be afforded the treatment determined thereby under the appropriate Class and receive distributions on account thereof as provided under Section 6.4 of the Plan.  Distribution(s) made shall be in full satisfaction of said Allowed Class 4 Claims.

    b.  **Impairment**.  Class 4 is Impaired.  All Class 4 WARN Act and Related Employment Claims are Disputed and therefore not entitled to vote on the Plan.

   5.1.6. <u>Class 5</u>:  Tort Claims

    a.  **Treatment**.  Class 5 consists of all Tort Claims.  The remedy of any holder of a Class 5 Tort Claim shall be to seek to collect on such Tort Claim from any Insurance Coverage to the extent of the amount of coverage.  From and after the Effective Date, the automatic stay shall be lifted with respect to the prosecution of any Tort Claim to the extent of such Insurance Coverage, and the holder of a Tort Claim waives any right to any further Claim against the estates and shall look solely to the Insurance Coverage for payment on account of an Allowed Tort Claim.  Notwithstanding the foregoing, any holder of a Tort Claim (i) scheduled by the Trustee or (ii) as to which a proof of Claim was timely filed by the Claim Bar Date may file with the Court a notice of its intent to opt out of such treatment prior to the Confirmation Hearing and thereby elect to participate as the holder of a Class 6 Unsecured Claim. Any such holder of such a Class 5 Claim shall receive no distribution on account of its Class 5 Claim until such time as the Tort Claim is no longer Disputed and/or unliquidated, becomes an Allowed Claim in accordance with the provisions of the Plan, and all proceeds available to said Claimant under all applicable Insurance Coverage have been exhausted.

    b.  **Impairment**.  Class 5 is Impaired.  All Class 5 Tort Claims are Disputed and therefore not entitled to vote on the Plan.

5.1.7.  <u>Class 6</u>: Unsecured Claims

      a.    **Treatment**.  Each holder of an Allowed Class 6 Unsecured Claim will receive as and when provided for in this Plan its *pro rata* share of Net Trust Proceeds realized from the liquidation and collection of the Trust Assets after the Effective Date in accordance with Section 6.4 of the Plan.  Such distribution(s) shall be in full satisfaction of said Allowed Class 6 Claims.

      b.    **Impairment**.  Class 6 is Impaired and entitled to vote on the Plan.

5.1.8.  <u>Class 7</u>:  Interests

      a.    **Treatment**.  All Interests in the Debtors will be cancelled on the Effective Date.  Holders of Interests will receive payment of Net Trust Proceeds realized from the liquidation and collection of the Trust Assets after the Effective Date in accordance with Section 6.4 of the Plan.  Such distribution(s) shall be in full satisfaction of the Class 7 Interests.

      b.    **Impairment**.  Class 7 is Impaired and entitled to vote on the Plan.

5.2.    *Voting Classes*.  There are 5 voting Classes under this Plan.  Holders of Allowed Claims and Interests in Classes 1A, 1B, 2, 6 and 7 are Impaired, and are therefore entitled to vote to accept or reject this Plan.  Class 3 is Unimpaired and deemed to have accepted the Plan.  Class 4 and Class 5 Claims are all Disputed and not entitled to vote on the Plan.

5.3.    *Voting Rights as to Confirmation of Plan; Necessity of Allowance of Claims*.  If a Claim is a Disputed Claim prior to confirmation of the Plan, such Disputed Claim shall not be entitled to vote on the Plan unless such Claim is estimated, for voting purposes, by Final Order of the Bankruptcy Court.

5.4.    *Acceptance by Impaired Classes*.  An Impaired Class of Claims shall have accepted this Plan if (a) the holders (other than any holder designated under Bankruptcy Code § 1126(e)) of at least two-thirds (2/3) in amount of the Allowed Claims actually voting in such Class have voted to accept this Plan, and (b) the holders (other than any holder designated under Bankruptcy Code § 1126(e)) of more than one-half in number of the Allowed Claims actually voting in such Class have voted to accept this Plan.

**ARTICLE 6.**
**Formation of Liquidating Trust**

6.1.    *Creation of Liquidating Trust and Vesting of Assets*

6.1.1.    Upon the Effective Date, the Trustee shall enter into a Trust Agreement in form and substance similar to that attached hereto as **<u>Exhibit "A"</u>** which will assign ownership of the Trust Assets.  Such transfer shall be deemed to have irrevocably transferred the Trust Assets to the Liquidating Trust, for and on behalf of beneficiaries of the Liquidating Trust, with no reversionary interest in the Trust Assets for any Debtor or any equity holder in any Debtor.

6.1.2.    For federal income tax purposes, it is intended that the Liquidating Trust be classified as a trust under Treasury Regulation 301.7701-4 and that such trust be owned by its beneficiaries.  Accordingly, for federal income tax purposes, it is intended that the beneficiaries be treated as if they had received a distribution of an undivided interest in Trust Assets and then contributed such interests to Liquidating Trust.  The Trust Agreement shall (i) state that the primary purpose of the Liquidating Trust is to liquidate the Trust Assets with no objective to continue or engage in the conduct of

a trade or business, except to the extent reasonably necessary to, and consistent with, its liquidating purpose and (ii) contain a fixed or determinable termination date that is generally not more than five (5) years from the date of creation of Liquidating Trust, which termination date may be extended for one or more finite terms subject to the approval of the Bankruptcy Court upon a finding that the extension is necessary to its liquidating purpose.  Each such extension must be approved by the Bankruptcy Court within ninety (90) before the expiration of a term.

6.1.3.   All costs and expenses associated with the administration of the Liquidating Trust, including those rights, obligations and duties described this Plan, shall be borne by the Liquidating Trust to facilitate implementation and carrying out of the Trust Agreement and the Plan. The Liquidating Trust shall be funded initially with any and all Cash possessed by the Trustee as of the Effective Date.

6.2.   *Appointment of Liquidating Trustee*

6.2.1.   The Confirmation Order shall approve appointment of Derek Henderson as the Liquidating Trustee with exclusive and complete authority to administer and exercise control over Trust Assets in accordance with the Trust Agreement.   The Liquidating Trustee shall be deemed as the representative of the estates for purposes of Bankruptcy Code § 1123(b)(3), and shall be entitled to take all actions, and assert all powers and rights of a trustee under the Bankruptcy Code, including pursuit of avoidance actions under Chapter 5 of the Bankruptcy Code and objecting to proofs of Claim.  The duties of the Liquidating Trustee shall be limited to those provided herein or within the Trust Agreement.  The Liquidating Trustee shall have no liability to any person or entity, including holders of Claims or other parties-in-interest in the Cases, for actions taken as Liquidating Trustee unless such actions were grossly negligent or intentional.

6.2.2.   The Liquidating Trustee shall have full authority to take any steps necessary to administer Trust Assets, to the extent empowered by the Trust Agreement, including, without limitation, the duty and obligation to pursue and settle any Causes of Action. Upon such transfer (which, as stated above, shall occur on the Effective Date), the Trustee shall have no further rights or obligations with respect thereto.  The Liquidating Trustee shall neither be required nor obligated to seek approval from the Bankruptcy Court in the performance of his duties.

6.2.3.   The Liquidating Trustee may retain such law firms, accounting firms, experts, advisors, consultants, investigators, appraisers, auctioneers or other professionals, including Professionals currently engaged by the Trustee, as he deems necessary, in his sole discretion and at the sole expense of the Liquidating Trust, to aid in the performance of his responsibilities pursuant to the terms of the Plan. The Liquidating Trustee may pay all fees and expenses of such professionals, costs of administration of the Liquidating Trust, and the Liquidating Trustee's compensation in the ordinary course of business and without Bankruptcy Court approval.

6.2.4.   The Liquidating Trustee shall receive as compensation for his services three (3%) percent of all proceeds distributed by the Liquidating Trust, plus reimbursement of all expenses incurred relating to administration of the Liquidating Trust, except that no compensation shall be awarded on amounts distributed as compensation or expense reimbursement to the Liquidating Trustee.

6.2.5.   The Liquidating Trustee shall be responsible for filing all federal, state and local tax returns for Liquidating Trust. The Liquidating Trustee shall file all federal tax returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation 1.671-4.

6.3.    *Administration of Trust Assets*

The Liquidating Trustee shall have complete authority to collect, recover, sell, lease, transfer, abandon or otherwise dispose of Trust Assets.

6.3.1.    <u>Sale and Transfer of Assets</u>

a.    The Liquidating Trustee may sell and transfer Trust Assets to the purchaser in full and complete satisfaction of any Claims, Liens, Interests or other encumbrances of any kind or nature whatsoever against Trust Assets.  The transfer of Trust Assets to the purchaser shall vest the purchaser with all rights, title, and interest of Debtor and Liquidating Trust to Trust Assets free and clear of any and all Liens, Claims, Interests and other encumbrances of any type whatsoever (whether known or unknown, secured or unsecured or in the nature of setoff or recoupment, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, Allowed or disallowed, assessed or unassessed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the Petition Date, and whether imposed by agreement, understanding, law, equity, or otherwise, including Claims otherwise arising under doctrines of successor liability), including those that: (i) purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of a Debtor's interest in Trust Assets, or any similar rights; (ii) relate to or which arise as a result of any principal or interest due as of the Effective Date; and (iv) relate to taxes arising under or out of, in connection with, or in any way relating to Trust Assets, including the transfer of Trusts Assets to the purchaser.

b.    Except as expressly permitted or otherwise specifically provided for herein, pursuant to Bankruptcy Code § 1141(c), Liquidating Trust's (formerly the Trustee's or any Debtor's) right, title and interest in Trust Assets shall be transferred to the purchaser free and clear of all Liens, Claims, Interests and other encumbrances of any type whatsoever, with all such encumbrances to attach to the proceeds from the sale of Trust Assets in the order of their priority against Trust Asset, with the same validity, force, and effect which they had as against Trust Assets immediately before such transfer, subject to any claims and defenses any Debtor, the Trustee or the Bankruptcy Estate possessed with respect thereto.  However, to the extent that a Trust Asset constitutes Collateral securing an Allowed Secured Claim, the Trust may not sell such Trust Asset without the consent of the holder of such Allowed Secured Claim unless the Bankruptcy Court enters an Order authorizing such sale notwithstanding the lack of consent of the holder of such Secured Claim.

6.3.2.    <u>Collection of Accounts Receivable or Other Amounts</u>.  The Liquidating Trustee shall have full authority to continue to collect accounts receivable of the Debtors, including filing and prosecution of adversary proceedings in the Bankruptcy Court or other litigation in any other appropriate forum.  All accounts receivable or other amounts constituting Collateral securing the Wells Fargo Secured Claims shall be collected pursuant to that certain Litigation Management Agreement between the Trustee and Wells Fargo except to the extent controlled by the Plan or the Liquidating Trust.

6.3.3.    <u>Preservation of Causes of Action</u>.  Except to the extent expressly waived under the Plan, as of the Effective Date, pursuant to Bankruptcy Code § 1123(b)(3), any and all Causes of Action are Trust Assets and shall vest as property of the Liquidating Trust on the Effective Date.  The Liquidating Trustee shall be deemed, without further action of the Bankruptcy Court, to be the judicial substitutes as the real party-in-interest with Bankruptcy Court-approved standing in the Bankruptcy Cases, under the Plan, or in any judicial proceeding or appeal to which the Trustee or any Debtor is a party, or in which the Liquidating Trustee shall become a party.  The Liquidating Trustee shall have the standing provided in the Plan to pursue any and all Causes of Action retained under the Plan.  The

Liquidating Trustee shall retain the power and authority to litigate, abandon, sell, settle or compromise any Cause of Action in accordance with the Plan. Unless specifically abandoned by the Trustee prior to the Effective Date, all Causes of Action shall vest in the Liquidating Trust as Trust Assets. The Causes of Action identified below, whether asserted affirmatively, defensively or as a counter-claim or cross-claim, shall vest in the Liquidating Trust but shall not be exclusive of all such rights or Causes of Action constituting Trust Assets:

        a.      Any and all D&O or other Claims against the Debtors' fiduciaries;

        b.      Any and all E&O Claims against professionals engaged or retained by the Debtors prior to the Petition Date;

        c.      All rights to recover money or property under Chapter 5 of the Bankruptcy Code;

        d.      All rights to recover and collect accounts receivable, deposits, refunds, setoffs or recoupments of any kind;

        e.      Any claims against "insiders" as defined in § 101(31) of the Bankruptcy Code or otherwise;

        f.      All rights to object to any Claim or Interest, or to seek to recharacterize or subordinate such Claim or Interest, including but not limited to actions to invalidate or otherwise dispute the validity of any Lien asserted against any Debtor's property;

        g.      All rights under any Insurance Policy to coverage or other benefits provided thereunder;

        h.      The pending Cause of Action against Rent-A-Box, Inc.;

        i.      The Debtors' rights of recovery under pending eminent domain proceedings pending in North Carolina;

        j.      All pending Causes of Action or rights to assert claims or request relief of any kind therein; and

        k.      All other actual or potential claims or Causes of Action identified in any Debtor's Schedules or Statement of Financial Affairs filed in these Cases.

      6.3.4.  <u>Rights to Surcharge</u>. To the extent that any Trust Asset constitutes Collateral of the holder of an Allowed Secured Claim, the Liquidating Trustee shall retain the right to collect Surcharge Recoveries from the Collateral prior to making any distribution under the Plan or the Liquidating Trust. With respect to any Collateral securing the Wells Fargo Secured Claims, such rights of the Trustee through and including the Effective Date, and the Liquidating Trustee from and after the Effective Date, shall be governed by the Surcharge Settlement Agreement, which shall remain valid and enforceable and be deemed to be a Trust Asset under the Plan and Trust Agreement.

      6.4.    *Distributions from Liquidating Trust*.

Distributions to holders of Allowed Claims that are not made on or as of the Effective Date shall be made by the Liquidating Trustee as follows and on a *pro rata* basis:

6.4.1.   To the extent any Trust Asset constitutes Collateral of a Secured Creditor, proceeds from collection or disposition thereof shall be first applied in payment of Surcharge Recoveries, including compensation to the Liquidating Trustee, and then in payment of such Secured Creditor's Allowed Secured Claim, subject to the treatment provisions of this Plan, except as may be agreed by the Secured Creditor and the Liquidating Trustee.

6.4.2.   To the extent that proceeds remain from a disposition of Collateral of a Secured Creditor after full satisfaction of the Allowed Secured Claim(s) secured thereby, or, to the extent that proceeds remain from a disposition of property not subject to a Lien, such proceeds shall first be used to satisfy Trust Expenses.  The Liquidating Trustee may thereafter fund the Trust Expenses Reserve in such amount deemed advisable in his sole discretion.

6.4.3.   Any Net Trust Proceeds shall be distributed as follows:

a.       First, in payment in full of Allowed Administrative Claims.

b.       Second, in payment in full of Allowed Class 1A Claims.

c.       Third, in payment in full of all Allowed Class 1B Claims.

d.       Fourth, in payment in full of all Allowed Class 6 Claims.

e.       Fifth, if, after all Allowed Claims are paid in full, plus all interest (if any), then any remaining Net Trust Proceeds shall be distributed to the Holders of the Class 7 Interests.

6.4.4.   The Liquidating Trustee will make distributions to holders of Allowed Claims and Interests in accordance with the Section 6.4 of the Plan, but only at such time(s) and in such amount(s) as the Liquidating Trustee determines, in his sole discretion, to be prudent and reasonable.

### ARTICLE 7.
### Plan Implementation and Execution

7.1.    *Substantive Consolidation*

7.1.1.   On the Effective Date, the estates of the Debtors will be treated as if substantively consolidated for all purposes with respect to solicitation, voting, confirmation, implementation and execution of this Plan.  On and after the Effective Date, all assets and liabilities of the Debtors shall be treated as merged, all guaranty obligations of any Debtor of any obligation of another Debtor will be eliminated, and all Claims filed shall be deemed filed against the single consolidated estate of the Debtors for all purposes relating to this Plan and to the satisfaction of the Claims and Interests by the Liquidating Trustee.

7.2.    *Dissolution of Committee*.  The Committee shall be dissolved on the Effective Date.

7.3.    *Continued Corporate Existence.*  From and after the Effective Date, each Debtor entity shall continue in existence for as long as the Liquidating Trustee deems necessary or appropriate for the purposes consistent with carrying out the terms of this Plan or the Liquidating Trust, which include, *inter alia*: (1) transferring property to the Liquidating Trust; (2) liquidating Trust Assets; (3) enforcing and prosecuting Claims, rights, interests and privileges of the Liquidating Trust, including Causes of Action; (4) filing appropriate tax returns; (5) assisting in the administration of the Plan and taking such actions as are necessary to effectuate this Plan; and (6) an exculpation of the Liquidating Trustee for all acts other

than gross negligence and willful misconduct.  The Liquidating Trustee shall serve as the representative of each Debtor until the entry of a final decree in the Bankruptcy Case.

7.4.    *Prosecution and Settlement of Claims and Causes of Action*.  The Trustee or Liquidating Trustee (a) may commence or continue in any appropriate court or tribunal any suit or other proceeding for the enforcement of any Cause of Action which the Debtors had or had power to assert immediately prior to the Effective Date or in prosecution of an objection to a Claim, and (b) may settle or adjust such Cause of Action or Claim.  From and after the Effective Date, the Liquidating Trustee shall be authorized pursuant to Bankruptcy Rule 9019(b) and § 105(a) of the Bankruptcy Code to compromise and settle any Cause of Action or objection to a Claim subject to approval and entry of a Final Order by the Bankruptcy Court.

7.5.    *Instruments Cancelled*.  On the Effective Date, except as otherwise provided in this Plan, all notes, instruments, certificates and other documents evidencing Claims against or Interests in any of the Debtors shall be canceled and deemed terminated.

## ARTICLE 8.
## Administration of Claims

8.1.    *Objection to Claims*.

8.1.1.    Prior to the Effective Date, and subject to the provisions of Section 8.1.2, below, the Trustee, and after the Effective Date, the Liquidating Trustee, shall have the exclusive authority to file objections, settle, compromise, withdraw or litigate to judgment objections to Claims or Interests.  From and after the Effective Date, the Liquidating Trustee may withdraw, abandon, settle or compromise any Claim subject to approval and entry of a Final Order by the Bankruptcy Court.  The Trustee and Liquidating Trustee also reserve the right to resolve any Claims outside the Bankruptcy Court under applicable governing law.  Nothing in this Plan shall prevent holders of Claims from filing adversary complaints or commencing other proceedings to object to Claims or other requests for relief by other creditors.

8.1.2.    Any creditor shall have the right to send written request to the Liquidating Trustee to object to a Claim along with information that such creditor may possess that supports the Claim objection.  Upon receipt of such request, the Liquidating Trustee shall advise the creditor within thirty (30) days as to whether the Liquidating Trustee intends to pursue the Claim objection.   If the Liquidating Trustee does not advise of an affirmative intent to pursue the Claim objection, a creditor may, by written notice to the Liquidating Trustee, object, and have standing to object, to any such Claim on behalf of the Liquidating Trust; *provided*, *however* that the creditor shall be required to pay the expenses and costs associated with such Claim objection, which costs and expenses shall be solely recoverable from the amounts recovered on account of the Claim and not from the Liquidating Trust.

8.2.    *Objection Deadline*.  Objections to Claims shall be filed with the Bankruptcy Court, served upon the holders of each Claim to which objection is made, and resolved or withdrawn prior to entry of the Final Decree in these Cases.

8.3.    *Allowance of Claims*.

8.3.1.    Except as to Claims Allowed by the Plan, or as otherwise expressly provided herein or in any order by the Bankruptcy Court prior to the Effective Date (including the Confirmation Order), no Claim shall be deemed Allowed unless and until such Claim is deemed Allowed in accordance with the Plan.

8.3.2.   The Trustee and Liquidating Trustee shall have and retain any and all rights and defenses a Debtor had with respect to any Claim or Interest as of the applicable Petition Date or Order for Relief.

8.4.   *Determination by Bankruptcy Court*.  Any Disputed Claim not Allowed under the terms of this Plan shall be deemed Disputed unless and until such Claim is deemed Allowed under the Bankruptcy Code or the Bankruptcy Court enters a Final Order in the Bankruptcy Case Allowing such Claim.

8.5.   *Treatment of Disputed Claims.*  Cash shall be distributed to a holder of any type of Disputed Claim when, and only to the extent that, such Disputed Claim becomes an Allowed Claim as provided in the Plan.

8.6.   *Disallowed Claims.*  All Claims held by any Claimant against whom the Trustee or Liquidating Trustee has, or has asserted, a Cause of Action that arises under Chapter 5 of the Bankruptcy Code shall be deemed disallowed pursuant to § 502(d) of the Bankruptcy Code, and holders of such Claims may not vote to accept or reject the Plan until the Cause of Action against the Claimant has been settled or a Final Order entered and all sums due on account thereof have been paid in full.

8.7.   *Estimation of Claims.*  The Trustee, prior to the Effective Date, and the Liquidating Trustee, after the Effective Date, may for any purpose, including for purposes of making distributions hereunder, request that the Bankruptcy Court estimate any contingent or Disputed Claim pursuant to § 502(c) of the Bankruptcy Code without regard to whether such Claim has been subject to a previous objection or whether such objection has been ruled upon or is subject to continued proceedings, including appeal.

8.8.   *Distributions Pending Allowance*.  Notwithstanding any other provision of the Plan, if any Claim or any portion of a Claim is Disputed, no payment or distribution provided in the Plan shall be made on account of such Claim unless and until the Disputed Claim is resolved and becomes Allowed. The Liquidating Trustee on Agent may estimate an amount to which a Disputed Claim may be Allowed, and may reserve from any distribution such amounts as the Liquidating Trustee deems necessary and appropriate.

8.9.   *Means of Payment*.  Payments made pursuant to this Plan shall be made in Cash and paid by check drawn or by wire transfer initiated from a domestic bank as determined by the Liquidating Trustee.

8.10.   *Delivery of Distributions*.  For purposes of all distributions under the Plan, the Liquidating Trustee shall be entitled to rely on the name and address of the holder of each Allowed Claim or Interest as shown any timely filed proof of Claim and, if no such proof of Claim is filed, as shown on the Schedules, except to the extent that the Liquidating Trustee receives adequate written notice of a transfer or change of address, properly executed by the holder or its authorized agent.  If a distribution is returned as undeliverable, no further distributions to such holder shall be made unless and until the Liquidating Trustee is notified, in writing, of such holder's then current address, at which time distributions shall be made to such holder without interest.

8.11.   *Right of Offset*.  Pursuant to Bankruptcy Code § 553 or applicable non-bankruptcy law, the Liquidating Trustee may set off against any Allowed Claim or Interest and the distributions to be made pursuant hereto on account of such Claim or Interest (before any Distribution is made on account of such Claim or Interest), the claims, equity interests, rights, and causes of action of any nature that the Trustee or Liquidating Trustee, as applicable, may hold against the holder of such Allowed Claim or

Interest; *provided, however*, that neither the failure to effect such a setoff nor the Allowance of any Claim or Interest hereunder shall constitute a waiver or release by any Debtor, the Trustee or Liquidating Trustee of any such claims, equity interests, rights, and causes of action that the Debtor or the Liquidating Trustee, as applicable, may possess except as specifically provided herein.  No entity shall retain the right of offset, set off, recoupment, or any other right, Claim, Lien or Secured Claim as against any estate or the Liquidating Trust, as applicable, under Bankruptcy Code § 553 or otherwise unless such entity is the Holder of a Claim that has been timely filed under Bankruptcy Code § 502 and such Claim is an Allowed Claim.

## ARTICLE 9.
### Executory Contracts and Unexpired Leases

9.1.    *Rejection*

9.1.1.    Blanket Rejection.  Except for those Executory Contracts and Unexpired Leases previously assumed or rejected during the pendency of these Cases or otherwise specifically addressed elsewhere in this Plan, all Executory Contracts and Unexpired Leases that existed as of the Petition Date to which any Debtor was a party shall be rejected on the Effective Date.  Subject to the occurrence of the Effective Date, the rejection of any Executory Contract or Unexpired Lease pursuant to this Article shall be effective upon the earliest of (i) the date that the Trustee provided notice to the counter-party of the effectiveness of such rejection and (ii) the date specified as the effective date in any notice of rejection filed by the Trustee or as established by order of the Court.

9.1.2.    Approval of Rejection.  Entry of the Confirmation Order shall constitute the approval, pursuant to §§ 365(a) and 1123(b)(2) of the Bankruptcy Code, of the rejection of all Executory Contracts and Unexpired Leases rejected pursuant to Section 9.1 hereof.

9.1.3.    Bar Date for Asserting Rejection Claims.  Rejection Claims arising out of the rejection of an Executory Contract or Unexpired Lease occurring on the Effective Date must be filed with the Court within thirty (30) days after the Effective Date.  The Confirmation Order shall provide that notice of the Effective Date be provided to all counter-parties to any rejected Executory Contract or Unexpired Lease.  Any Rejection Claim arising from rejection of an Executory Contract or Unexpired Lease during the pendency of the Cases shall have been filed by the date set by the notice of rejection or Court order approving such rejection.  Any Rejection Claims not filed within such times are/will be forever barred from assertion against any applicable Debtor, its estate, and its property.  If any Rejection Claim becomes an Allowed Claim, it shall be treated as an Unsecured Claim under Class 6.

## ARTICLE 10.
### Cramdown and Plan Modification

10.1.    *Confirmation by "Cram Down"*.  If any Impaired Class does not vote to accept the Plan as provided in § 1126 of the Bankruptcy Code, the Trustee will request confirmation of the Plan pursuant to § 1129(b) of the Code with respect to any Impaired Class in the applicable voting estate.  The Trustee reserves the right to amend the Plan pursuant to this Article 10.

10.2.    *Right to Modify.*  The Trustee reserves the right, according to the Bankruptcy Code, to amend or modify the Plan before the Effective Date.  After the Effective Date, the Trustee may, upon order of the Bankruptcy Court, and according to § 1127(b) of the Bankruptcy Code, remedy any defect or omission or reconcile any inconsistencies in the Plan in such manner as may be necessary to carry out the purposes and intentions of the Plan.

10.3.    *Deemed Acceptance or Rejection.*  A Claimant that has accepted or rejected the Plan will be deemed to have either accepted or rejected, as the case may be, the Plan as modified or amended, even if the modifications or amendments are made after the solicitation of votes of acceptance or rejection of the Plan, unless the Bankruptcy Court orders that such Claimant may change its previous vote within a time established by the Bankruptcy Court for such change to be made.

## ARTICLE 11.
## Conditions to Confirmation and Effective Date of Plan

11.1.    *Conditions to Confirmation.*  The Plan shall not be confirmed unless the Confirmation Order and the Plan, as confirmed pursuant to the Confirmation Order, shall be in a form and substance satisfactory to the Trustee.

11.2.    *Conditions to Occurrence of the Effective Date.*  The Effective Date of the Plan shall not occur unless and until the following conditions shall have been satisfied, waived or extended, as the case may be, in writing by the Trustee:

11.2.1.  The Confirmation Order shall have been entered, unstayed and become a Final Order.

11.2.2.  The Liquidating Trust shall have been duly formed and the Liquidating Trust Agreement executed; and

11.2.3.  All consents, regulatory approvals and other authorizations required for implementation of the Plan have been granted and effective.

11.3.    *Revocation or Withdrawal of the Plan.*

11.3.1.  The Trustee may revoke or withdraw the Plan prior to the Confirmation Date.

11.3.2.  If the Plan is revoked or withdrawn prior to the Confirmation Date in accordance with Section 11.3.1 hereof, or the Effective Date does not occur because the conditions precedent thereto have not been satisfied, then at the election of the Trustee the Plan may be deemed null and void.  In such event, (i) the Trustee and all holders of Claims and Interests shall be restored to the status quo ante as of the day immediately preceding the filing of the Plan, and (ii) all the Debtors' respective obligations with respect to the Claims shall remain unchanged, all of the Debtors' and Trustee's rights against all parties shall be fully preserved and nothing contained herein or in the Disclosure Statement shall be deemed an admission or statement against interest or to constitute a waiver or release of any claims by or against the Debtors, the Trustee or any other party or to prejudice in any manner the rights of the Trustee or any party in any further proceedings.

## ARTICLE 12.
## Post-Effective Date Administration

12.1.    *Post-Effective Date Compensation and Professional Expenses*.  From and after the Effective Date, the Liquidating Trustee shall, in the ordinary course of business and without the necessity for any approval by the Bankruptcy Court, be permitted to pay the Liquidating Trustee's compensation and expenses and the reasonable fees and expenses of Professionals incurred on behalf of the Liquidating Trust, including without limitation, those fees and expenses incurred in connection with the implementation and consummation of the Plan and administration of the Liquidating Trust.  The

Liquidating Trustee may pay such amounts as and when due and without having to obtain approval from the Bankruptcy Court or any other party.

12.2.    *Reporting and Payment of Statutory Fees*.  All fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930 will be paid until the Court enters a final decree closing these Cases or directing otherwise.  After Confirmation, the Liquidating Trustee shall continue to report to the United States Trustee the total of all disbursements for the prior calendar quarter up to the date an order is entered either granting the final decree, converting the Cases to Chapter 7 or dismissing the Cases.  Prior to entry of an order of final decree, the Liquidating Trustee will file monthly operating reports with respect to the total disbursements up to the date of the final decree insofar as not previously reported.  However, nothing herein shall be construed as a waiver of the right of the Liquidating Trustee to request that, after the Effective Date, the Bankruptcy Case be administratively closed.

12.3.    *Section 1146 Exemption*.  Pursuant to Bankruptcy Code § 1146(c), any transfers of property pursuant hereto, which shall by Confirmation be deemed transfers pursuant to this Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax or other similar tax or governmental assessment in the United States, and the Confirmation Order shall direct the appropriate state or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

12.4.    *Estate Tax Returns*.  The Trustee and Liquidating Trustee shall ensure that all federal and state tax returns are filed, or lawful extensions for filing are obtained, for all Debtors for all applicable periods for which such returns have not been filed and/or are required for lawful administration of the Debtors' estates and/or the Liquidating Trust.

## ARTICLE 13.
## General Provisions

13.1.    *Effect of Confirmation*.  The provisions of § 1141 of the Bankruptcy Code shall apply in full to the Plan and the actions contemplated here on and after the Effective Date.  PURSUANT TO § 1141(D)(3) OF THE BANKRUPTCY CODE, THE DEBTORS SHALL NOT BE ENTITLED TO A DISCHARGE.

13.2.    *Automatic Stay*.  The automatic stay of § 362 of the Bankruptcy Code shall continue in effect until the Effective Date.

13.3.    *INJUNCTION*.  THERE SHALL BE AN INJUNCTION TO THE FULL EXTENT ALLOWED UNDER § 1141 OF THE BANKRUPTCY CODE, AND ALL HOLDERS OF CLAIMS AND INTERESTS OR OTHER PERSONS BOUND BY THE PROVISIONS OF THE PLAN SHALL BE ENJOINED FROM PURSUING ANY ACTION ON ACCOUNT OF OR RELATED TO ANY CLAIM OR INTEREST THROUGH ANY CONDUCT OR PROCEEDING WHATSOEVER, WITH RESPECT TO SUCH HOLDER'S CLAIMS OR WITH RESPECT TO ANY EXCULPATED CLAIMS. ALL CLAIMS AGAINST, INTERESTS IN, AND ANY OTHER RIGHT OF RECOVERY FROM THE DEBTORS ARE HEREBY CHANNELED TO THE LIQUIDATING TRUST, WHICH IS AND SHALL BE THE SOLE SOURCE OF RECOVERY IN ACCORDANCE WITH THE PLAN.

FURTHERMORE, NO CREDITOR POSSESSING A LIEN RIGHT IN, TO, OR UPON PROPERTY OF THE ESTATE OR TRUST ASSETS MAY CONTINUE OR COMMENCE ANY ACTION TO SIEZE, SELL, DISTRAIN, RETAIN, RESTRAIN, REPLEVIN, SEQUESTER, ATTACH,

OR OTHERWISE OBTAIN POSSESSION, CUSTODY, CONTROL, OWNERSHIP OR EFFECTUATE A TRANSFER OF OWNERSHIP OF PROPERTY OF THE ESTATE OR TRUST ASSETS THROUGH NON-BANKRUPTCY LAW PROCEDURES WITHOUT FURTHER ORDER OF THE BANKRUPTCY COURT.

13.4.    *Exculpation*.  This Plan does not affect an exculpation or release of any person or entity, save and except the officers and employees employed by the Trustee during the pendency of these Cases or serving in such capacity as of the Effective Date, the Trustee, and Professionals authorized to be employed by the Trustee under Order[s] of the Bankruptcy Court.  Upon the Effective Date, such protected persons shall be released by the Debtor pursuant to §1123(b)(3) of the Bankruptcy Code and shall not have or incur any liability to the Debtors or the estates under any theory of liability for any act or omission occurring on or after the Petition Date in connection with or related to any Debtor, the Cases, or the estates, including, but not limited to, (i) formulating, preparing, disseminating, implementing, confirming, consummating or administering this Plan (including soliciting acceptances or rejections thereof); or (ii) the Disclosure Statement or any contract, instrument, release or other agreement or document entered into or any action taken or omitted to be taken in connection with this Plan, except for acts constituting willful misconduct, gross  negligence, or ultra vires activity and in all respects such protected persons shall be entitled to rely in good faith upon the advice of counsel.

13.5.    *Effect of Injunction and Exculpation*

13.5.1.  Other than as limited by the foregoing injunction (Section 13.3) and exculpation (Section 13.4) provisions of this Plan, or any other provision of the Plan, no third-person legally responsible with the Debtors for taxes owed to any state or federal taxing authority is released from any liability they may have in relation to any Allowed Priority Tax Claims.  Such third-parties shall remain liable for any unpaid amounts to the same extent to which applicable law may impose personal liability upon them.  Immediately upon the effective date, any taxing authority shall have the right immediately and without prior Bankruptcy Court approval to enforce collection of its unpaid Allowed Priority Tax Claims from any person legally responsible with any Debtor and may do so using any means available under applicable law.

13.5.2.  Other than as limited by the foregoing injunction (Section 13.3) and exculpation (Section 13.4) provisions of this Plan, or any other provision of the Plan, neither the Plan, the Confirmation Order nor any documents executed or filed in connection with the Plan, the Confirmation Order or the Cases shall release, impair or affect any claims or causes of action possessed by the holder of a Claim against any non-Debtor person who may be liable with any Debtor on account of such Claim.

13.6.    *Default*.  In the event that the Trustee or Liquidating Trustee fail to make any payment required under this Plan when due, or that the Trustee or Liquidating Trustee fail to perform any obligation required to be performed under this Plan timely, the aggrieved party may notify the Trustee or Liquidating Trustee of such default by providing written notification as required under the Plan of such failure to perform or failure to pay and thirty (30) business days to cure the default.  Upon default, such aggrieved party may exercise any remedy to which it may be entitled under this Plan, the Bankruptcy Code, or non-bankruptcy law to recover its Allowed Claim without further action required by the Bankruptcy Court, except to the extent prohibited by Section 13.3, supra.

13.7.    *Binding Effect*.  On the Effective Date, according to § 1141 of the Bankruptcy Code, the provisions of this Plan will bind the Debtors, the Trustee and any holder of a Claim or Interest, whether or not the Claim is Impaired under the Plan and whether or not the holder of the Claim has accepted the Plan.

13.8.    *Notices.*  Except as otherwise specified, all notices and requests will be given by any written means, including but not limited to, telex, telecopy, telegram, first class mail, express mail or similar overnight delivery service and hand delivered letters, and any such notice or request will be deemed to have been given when received.  Notices will be delivered as follows:

*If to the Trustee/Liquidating Trustee*

Derek A. Henderson
1765-1 Lelia Drive, Suite 103
Jackson, Mississippi 39216
Telephone:  (601) 948-3167
Email: derek@derekhendersonlaw.com

*with a copy to*

Douglas C. Noble
**McCraney | Montagnet | Quin | Noble PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 707-5725
Facsimile:  (601) 510-2939
Email:    dnoble@MMQNLaw.com

13.9.    *Headings.*  The headings used in the Plan are inserted for convenience only and constitute part neither of the Plan nor in any manner affect the provisions or interpretations of the Plan.

13.10.   *Enforceability.*  Should any provision of the Plan be determined to be unenforceable for any reason, such determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

## ARTICLE 14.
### Retention of Jurisdiction

The Bankruptcy Court will retain jurisdiction of all matters arising out of or related to the Cases and the Plan as long as necessary for the purposes of §§ 105(a), 1127, 1142(b) and 1144 of the Bankruptcy Code and for, *inter alia*, the following non-inclusive purposes:

a.      to recover all assets of the Debtors, wherever located;

b.      to decide any objections to the allowance, disallowance or subordination of Claims or a controversy as to the classification of Claims;

c.      to decide and fix (i) all Administrative Claims, (ii) Claims arising from the rejection of any Executory Contracts or Unexpired Leases, (iii) Liens on any assets or any proceeds thereof, and (iv) any other fee and expense authorized to be paid or reimbursed under the Bankruptcy Code;

d.      to liquidate or estimate damages or determine the manner and time for such liquidation or estimation in connection with any disputed, contingent or unliquidated Claims;

e.    to adjudicate any matters as may be provided for in the Confirmation Order;

f.    to effectuate distributions under and enforce the provisions of the Plan;

g.    to hear and determine any pending applications, adversary proceedings or contested matter including all controversies, suits and disputes that may arise in connection with the interpretation or enforcement of the Plan, and matters concerning state, local and federal taxes according to §§ 346, 505 and 1146 of the Bankruptcy Code;

h.    to amend or to correct any defect, cure any omission or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan;

i.    to enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked or vacated;

j.    to consider any modification of the Plan pursuant to § 1127 of the Bankruptcy Code or modification of the Plan after substantial consummation, as such terms is defined in § 1101(2) of the Bankruptcy Code;

k.    to determine such other matters as may be provided for in the Confirmation Order or as may be authorized under the provisions of the Bankruptcy Code to the maximum extent of its jurisdiction; and

l.    to enter a final decree closing any of these Cases.


*[remainder of page intentionally left blank]*

THIS the 22nd day of November, 2023.

Respectfully submitted,

**DEREK HENDERSON, CHAPTER 11 TRUSTEE of
UNITED FURNITURE INDUSTRIES, INC.**, *et al.*

By:  /s/ *Derek Henderson*

Douglas C. Noble, MS Bar No. 10526
**McCraney | Montagnet | Quin | Noble PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 707-5725
Facsimile:  (601) 510-2939
Email:  dnoble@MMQNLaw.com

and

Derek A. Henderson, MS Bar No. 2260
Anna Claire Henderson, MS Bar No. 106230
1765-1 Lelia Drive, Suite 103
Jackson, Mississippi 39216
Telephone:  (601) 948-3167
Email: derek@derekhendersonlaw.com

*Counsel to Chapter 11 Trustee*