# EXHIBIT

# A

# LIQUIDATING TRUST AGREEMENT

This *Liquidating Trust Agreement* (the "Trust Agreement"), dated as of _____________, 2024 by and among United Furniture Industries, Inc. and all its subsidiary companies, through its duly authorized corporate representative and Chapter 11 Trustee, Derek Henderson (in this capacity, the "Trustee"), on the one hand, and Derek Henderson (in this capacity, the "Liquidating Trustee") as the trustee of the Trust created hereby, on the other, is executed in connection with the *Chapter 11 Plan of Liquidation* [Dkt #____] as subsequently amended and modified (the "Plan"). Capitalized terms used in this Trust Agreement and not otherwise defined herein shall have the meanings ascribed to them in the Plan.

W I T N E S S E T H

WHEREAS, an involuntary petition under chapter 7 of the Bankruptcy Code was filed against UFI on the Involuntary Petition Date which ultimately resulted in entry of the Order for Relief and thereafter voluntary petitions being filed by all Affiliated Debtor on January 31, 2023, all of which were jointly administered Cases in the Bankruptcy Court;

WHEREAS the commencement of the Cases created estates pursuant to § 541 of the Bankruptcy Code consisting of all property and assets owned by the Debtors as of the Petition Date and all property and assets acquired after the commencement of the Cases, inclusive of Causes of Action;

WHEREAS, on ______________, 2024, the Bankruptcy Court entered the Confirmation Order confirming the Plan;

WHEREAS, the Plan provides for the creation of a post-confirmation liquidation trust (the "Trust") to hold and administer the Trust Assets, to distribute the assets or proceeds of such assets in accordance with the terms of the Plan to holders of Allowed Claims (the "Trust Beneficiaries"), and to take all actions necessary to wind down and close the estates and the Cases, all in accordance with the terms of this Trust Agreement and the Plan;

WHEREAS, the name of the Trust shall be the "**UFI Liquidating Trust**";

WHEREAS, this Trust Agreement is executed to establish the Trust for the sole purpose of liquidating the Trust Assets for the benefit of the Trust Beneficiaries (including holders of Disputed Claims that become Allowed Claims) in accordance with Treasury Regulation Section 301.7701-4(d), with no objective or authority to continue or engage in the conduct of a trade or business except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Trust including the wind down and closure of the Trust estate;

WHEREAS, the Trust is intended to qualify as a Trust within the meaning of Treasury Regulation Section 301.7701-4(d) for United States federal income tax purposes;

WHEREAS, the respective powers, authority, responsibilities and duties of the Liquidating Trustee shall be governed by this Trust Agreement, the Plan, the Confirmation Order, other applicable orders issued by the Bankruptcy Court, and any obligations under applicable law;

WHEREAS, this Trust Agreement is intended to supplement, complement and implement the Plan; *provided, however*, that except as otherwise expressly stated herein, if any of the terms and/or provisions of this Trust Agreement conflict with the terms and/or provisions of the Plan, then the Plan shall govern.

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements contained herein and in the Plan, the Trustee and Liquidating Trustee agree as follows:

## ARTICLE 1

## ESTABLISHMENT OF THE TRUST

1.1. Establishment of Trust. The Liquidating Trustee hereby accepts his appointment. Pursuant to the Plan, the Trustee and the Liquidating Trustee hereby establish the Trust on behalf of the Trust Beneficiaries. The Liquidating Trustee agrees to accept and hold the Trust Assets in trust for the Trust Beneficiaries subject to the terms of this Trust Agreement, and agree to assume their respective roles and duties as provided in this Trust Agreement.

1.2. Purpose of the Trust. The Trust shall be established for the purpose of liquidating the Trust Assets and taking all actions necessary to wind down and close the estates, in accordance with Treasury Regulations Section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business. Accordingly, the Liquidating Trustee shall, in an expeditious but orderly manner, preserve and liquidate and convert to Cash the Trust Assets, make distributions, and not unduly prolong the duration of the Trust. The Trust shall not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth herein or in the Plan.

1.3. Transfer of Assets and Rights to the Liquidating Trustee. Except as provided otherwise in the Plan, as of the Effective Date the Debtor, on behalf of the estates, hereby transfers, assigns, conveys and delivers to the Liquidating Trustee (a) all of its rights with respect to Claims and Causes of Action, (b) the attorney-client privilege held by the Debtors or the Trustee related to all matters, including with respect to all Claims and Causes of Action so transferred, (c) all of its right, title, and interest in the Trust Assets, and (d) all of its rights with respect to the Trust Assets, and the Liquidating Trustee on behalf of the Trust hereby assumes and agrees that all such Trust Assets will be transferred to the Trust.

1.4. Title to Trust Assets.

(a) The transfer of the Trust Assets to the Trust shall be made for the benefit of the Trust Beneficiaries, whether the Claims of the Trust Beneficiaries are Allowed on or after the Effective Date of the Plan. In this regard, the Trust Assets will be treated for tax purposes as being transferred by the Debtor and its estates to the Trust Beneficiaries, and then by the Trust Beneficiaries to the Trust in exchange for beneficiary interests in the Trust, which interests shall be distributed by the Liquidating Trustee to the Trust Beneficiaries in exchange for their Allowed Claims in accordance with the Plan and as set forth in Article 3 below. Upon the transfer of the Trust Assets, the respective Trustee shall succeed to all of the Debtor's and estates' right, title and interest in and to the Trust Assets as described in ¶ 1.3(a) and (b), *supra*, and the Debtor and the estates will have no further interest in or with respect to the Trust Assets or this Trust.

(b) For all United States federal income tax purposes, all parties (including, without limitation, the Debtors, the estates, the Trustee, the Liquidating Trustee, and the Trust Beneficiaries) shall treat the transfer of Trust Assets to the Trust described in this Section 1.4 and in the Plan (and any subsequent transfers of Assets) as a transfer to the Trust Beneficiaries followed by a deemed transfer by such Trust Beneficiaries to the Trust, and the beneficiaries of this Trust shall be treated as the grantors and owners hereof.

1.5. Reliance. The Liquidating Trustee may rely upon the Debtors' books and records, including its filed schedules and statements of financial affairs, and all other information available provided by or obtained from the Debtors or its representatives concerning Claims filed against the Debtors and the Debtors' reconciliation relating thereto, if any, and other documents supporting such reconciliation.

1.6. Valuation of Trust Assets. As reasonably determined from time to time by the Liquidating Trustee in his good faith and reasonable judgment, valuation of the Trust Assets transferred to the Trust shall be used consistently by the Liquidating Trustee and the Trust Beneficiaries for all federal income tax purposes. The Liquidating Trustee, the estates and the Trust Beneficiaries agree that (i) the value of the Causes of Action on the date of their transfer to the Trust shall be zero dollars; and (ii) the transfer of the Causes of Action to the Trust shall "close" the transaction for tax purposes as to the Debtor with respect to any subsequent receipt of proceeds by the Trust in connection with the Causes of Action or investment earnings thereon.

1.7. Governance of the Trust. The Trust shall be governed by the Liquidating Trustee subject to the provisions set forth in this Trust Agreement and Mississippi law. The Liquidating Trustee' powers are exercisable solely in a fiduciary capacity consistent with, and in furtherance of, the purposes of this Trust and not otherwise, except that the Liquidating Trustee may deal with the Trust Assets for their own account as provided herein.

1.8. Appointment of the Liquidating Trustee. The Liquidating Trustee has been selected pursuant to the terms of the Plan. Confirmation of the Plan shall constitute the Bankruptcy Court's approval of selection and appointment of the Liquidating Trustee who shall hold such position until his removal, resignation, or death.

1.9. Bond. The Liquidating Trustee shall serve without bond.

1.10. Funding of the Trust. The Liquidating Trustee shall be initially funded with Net Cash Proceeds on hand on the Effective Date of the Plan. The Liquidating Trustee may from time to time make withdrawals from unencumbered Trust Assets in amounts and at times that the Liquidating Trustee deems necessary or appropriate to fund any and all costs and expenses that the Liquidating Trustee and the Trust incur subsequent to the Effective Date in accordance with this Trust Agreement and the Plan.

## ARTICLE 2

## THE LIQUIDATING TRUSTEE

2.1. Role of the Liquidating Trustee. In furtherance of and consistent with the purpose of the Trust and the Plan, the Liquidating Trustee shall, for the benefit of the Trust Beneficiaries

and subject to the provisions set forth in this Trust Agreement and the Plan: (i) have the power and authority to hold, manage, sell, lease, abandon, and distribute the Trust Assets, including with authority over all Claims and Causes of Action and ownership and control over the attorney-client privilege held by the Debtors or the Trustee related to any Trust Assets, including with respect to all Claims and Causes of Action; (ii) have the power and authority to hold, manage, and distribute the Cash or non-Cash Trust Assets obtained through the exercise of his power and authority; and (iii) have the power and responsibility to take all actions necessary to wind down and close the estates, including objecting to any and all Claims, file all required tax returns, and file and receive approval of a final report from the Bankruptcy Court, all as may be provided for in additional and further detail below. In all circumstances, the Liquidating Trustee shall act in the best interests of all Trust Beneficiaries of the Trust and in furtherance of the purpose of the Trust.

2.2. Authority of Liquidating Trustee. In connection with the administration of the Trust, subject to and except as otherwise set forth in this Trust Agreement or the Plan, the Liquidating Trustee is authorized to perform any and all acts necessary or desirable to accomplish the purposes of the Trust and the roles to which they are assigned herein.

2.3. Limitation of Liquidating Trustee' Authority. The Liquidating Trustee shall have no power or authority except as set forth in this Trust Agreement or in the Plan. Notwithstanding anything herein to the contrary, the Liquidating Trustee shall not be authorized to engage in any trade or business, and shall only take such actions consistent with the orderly liquidation of the Trust Assets as are required or contemplated by applicable law, the Plan and this Trust Agreement, and the actions necessary to wind down and close the estates and dissolve the Trust.

2.4. Books and Records. The Liquidating Trustee shall maintain, in respect of his responsibility to the Trust, books and records relating to the Trust Assets (including the Causes of Action), income and the payment of expenses of, and liabilities of claims against or assumed by, the Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof. Such books and records shall be maintained on a modified cash or other comprehensive basis of accounting necessary to facilitate compliance with the tax reporting requirements of the Trust. Except as otherwise may be expressly provided in this Trust Agreement, nothing in this Trust Agreement requires either Liquidating Trustee to file any accounting or seek approval of any court with respect to the administration of the Trust, or as a condition for managing any payment or distribution out of the Trust Assets. Subject to all applicable privileges, the Trust Beneficiaries shall have the right, in addition to any other rights they may have pursuant to this Trust Agreement, under the Plan or otherwise, upon twenty (20) days' prior written notice to the Liquidating Trustee, to request a reasonable inspection of the books and records held by the Liquidating Trustee; *provided, however*, that all reasonable costs associated with such inspection shall be paid by such requesting Trust Beneficiary; provided further, however, that if so requested, such Trust Beneficiary shall have entered into a confidentiality agreement satisfactory in form and substance to the Liquidating Trustee, and make such other arrangements as may be reasonably requested by the Liquidating Trustee. One (1) year after dissolution of the Trust or the Debtor entities, the Liquidating Trustee is authorized to destroy any and all books and records without further notice or Bankruptcy Court order, unless the Bankruptcy Court has ordered otherwise; provided, however, that the Liquidating Trustee may move the Bankruptcy Court for entry of an order authorizing the destruction of any and all books and records prior to expiration of the one (1) year period following dissolution of the Trust.

2.5. Additional Powers. Except as otherwise set forth in this Trust Agreement or in the Plan, and subject to the Treasury Regulations governing creditors' trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, but without prior or further authorization, the Liquidating Trustee may control and exercise authority over the relevant Trust Assets and over the protection, conservation and disposition thereof. No Person dealing with the Trust shall be obligated to inquire into the authority of the Liquidating Trustee in connection with the protection, conservation or disposition of the Trust Assets.

2.6. Tax and Reporting Duties of the Liquidating Trustee. The Liquidating Trustee shall file returns for the Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) and comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority, including, without limitation, any requirements imposed with respect to distributions hereunder and under the Plan. The Liquidating Trustee shall also file (or cause to be filed) any other statements, returns, reports or disclosures relating to the Trust that are required by any governmental authority, and all such statements, returns, reports or disclosures shall be prepared in reasonable detail in accordance with all applicable laws.

2.7. Compliance with Laws. Any and all distributions of Trust Assets and proceeds of borrowings, if any, shall be in compliance with applicable laws, including, without limitation, applicable federal and state securities laws. The Liquidating Trustee may withhold a distribution from any Trust Beneficiary if the Liquidating Trustee is unable, after reasonable investigation, to obtain taxpayer identification information for any Trust Beneficiary sufficient to permit the Liquidating Trustee to make any distribution in compliance with applicable law.

2.8. Confidentiality. The Liquidating Trustee shall forever hold in strict confidence and not use for personal gain any material, non-public information of or pertaining to the Trust Assets, or the operation of the Trust and any other entity to which any of the Trust Assets may at any time relate.

2.9. Compensation of the Liquidating Trustee. As compensation for services as Liquidating Trustee, and under any other agreements to which the Liquidating Trustee is a party as contemplated by the Plan, the Liquidating Trustee shall receive three (3%) percent of all proceeds distributed by the Trust other than that distributed to the Liquidating Trustee.

2.10. Costs and Expenses of the Liquidating Trustee. All costs and expenses of the Liquidating Trustee and Trust shall be borne either (i) as surchargeable expenses against Collateral securing an Allowed Secured Claim under § 506(c) of the Bankruptcy Code or (ii) by and as a charge against unencumbered Trust Assets.

2.11. Compensation Procedures. The Trust and all professionals or other persons employed by the Liquidating Trustee shall be entitled to payment of compensation and reimbursement of all reasonable expenses on a monthly basis by the Liquidating Trustee from the Trust Assets.

2.12. Reliance by Liquidating Trustee.

(a) The Liquidating Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent,

order, or other paper or document believed by him/her to be genuine and to have been signed or presented by the proper party or parties including, but not limited to, the Claims Register maintained by the Clerk of the Bankruptcy Court in the Cass; and

(b) persons dealing with the Liquidating Trustee shall look only to the Trust Assets to satisfy any liability incurred by the Liquidating Trustee to such person in carrying out the terms of this Trust Agreement, and the Liquidating Trustee shall not have any personal obligation to satisfy any such liability, except to the extent that actions taken or not taken after the Effective Date by the Liquidating Trustee are determined by a Final Order to be solely due to the Liquidating Trustee's gross negligence, fraud or willful misconduct.

(c) the Liquidating Trustee may consult with and shall not be liable for any actions taken or suffered by the Liquidating Trustee in accordance with the advice of such counsel or other professionals, and may also consult with and rely upon accountants and former consultants or advisors of the Debtor, present and former officers, directors and consultants of the Debtor or its affiliates or subsidiaries.

2.13. Investment and Safekeeping of Trust Assets. The right and power of the Liquidating Trustee to invest Trust Assets, the proceeds thereof, or any income earned by the Trust, shall be limited to the right and power that a Trust, within the meaning of Treasury Regulations Section 301.7701-4(d), is permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements or otherwise.

2.14. Authorization to Expend Trust Assets. The Liquidating Trustee may expend the Trust Assets: (a) as reasonably necessary to maintain the value of the Trust Assets during liquidation: (b) to pay all costs and expenses of the Trust (including, without limitation, any taxes imposed on the Trust); and (c) to satisfy all other liabilities incurred or assumed by the Trust (or to which the Trust Assets are otherwise subject) in accordance with this Trust Agreement and the Plan.

2.15. Termination. The duties, responsibilities and powers of the Liquidating Trustee will terminate on the date the Trust is dissolved under applicable law in accordance with the Plan, Article 8 of this Trust Agreement, or by an order of the Bankruptcy Court.

2.16. Reliance. Any Person dealing with the Liquidating Trustee shall be fully protected in relying upon the Liquidating Trustee's certificate or instrument signed by the Liquidating Trustee that he or she has authority to take any action under this Trust.

2.17. Liquidating Trustee Funds. No provision of this Trust Agreement or the Plan shall require the Liquidating Trustee to expend or risk his own funds or otherwise incur any financial liability in the performance of any of their duties as Liquidating Trustee hereunder or under the Plan, or in the exercise of any of their rights or powers, if the Liquidating Trustee shall have reasonable grounds for believing that repayment of funds or adequate indemnity or security satisfactory to the Liquidating Trustee against such risk or liability is not reasonably assured.

## ARTICLE 3

## DISTRIBUTIONS

3.1. Distribution; Withholding. In accordance with this Article 3, and in the discretion of the Liquidating Trustee as to timing, the Liquidating Trustee shall distribute from the Trust to each Trust Beneficiary Cash on hand (including, without limitation, all net Cash income plus all net Cash proceeds from the liquidation of Trust Assets, including, without limitation, as Cash for this purpose, all permissible investments described the Trust to the Trust Beneficiaries, after making reserve for Disputed Claims as provided below; provided, however, that no distribution to an individual unit holder will be required unless such aggregate distribution would be at least $25.00.

3.2. Payment of distributions.

(a) *Provisions of Plan Shall Control*. Notwithstanding anything to the contrary herein, the provisions of the Plan governing the distribution rights, restrictions, and priorities of payment, specifically the provisions of the Plan governing distribution of Net Liquidation Trust Proceeds as set forth in the Plan, are copied herein by reference, and shall be followed by the Liquidating Trustee in making distributions to Trust Beneficiaries.

(b) *Limitations on Payments*. Notwithstanding anything to the contrary contained in this Article 3 or the Plan, prior to making any distribution to the Trust Beneficiaries, the Liquidating Trustee may retain such amounts as deemed reasonably necessary to: (i) meet contingent liabilities and to maintain the value of the Trust Assets of the Trust during liquidation; and (ii) to pay reasonable estimated expenses. The Liquidating Trustee may withhold from amounts distributable to any Person any and all amounts, determined in the Liquidating Trustee's reasonable sole discretion, required by any law, regulation, rule, ruling, directive or other governmental requirement.

3.3. Manner of Payment of Distributions. All distributions to Trust Beneficiaries from the Trust shall be payable only to Trust Beneficiaries of record and, as to each such Trust Beneficiary within a Class then entitled to payment, in amounts equal to such Trust Beneficiaries' pro rata portion of the distribution. All distributions to Trust Beneficiaries from the Trust shall be payable in Cash by wire transfer, check or such other method as the Liquidating Trustee deems appropriate under the circumstances. All payments of the costs and expenses of the Trust shall be paid in Cash from unencumbered assets by wire transfer, check or such other method as the Liquidating Trustee deems appropriate under the circumstances.

3.4. Documents Required to Receive Distribution. To the extent that the Liquidating Trustee does not have sufficient information about a Trust Beneficiary (Social Security number, Federal Tax I.D. number, etc.) to complete a Form W-9 or other form or document required in connection with making a distribution from the Trust, the Liquidating Trustee shall be entitled to request from a Trust Beneficiary all information necessary to complete such forms before making the distribution. The Liquidating Trustee shall be entitled to provide written notice to a Trust Beneficiary of his intent to make a distribution, that such information is required in order for the

Liquidating Trustee to make the distribution, and that if the requested information is not provided within ninety (90) days the Claim shall be barred and all right to the distribution shall be waived.

3.5. Distributions on Business Days. Any payment or distribution due on a day other than a Business Day shall be made, without interest, on the next Business Day.

3.6. Filing and Prosecution of Objections to Claims and of Causes of Action; Creditor Action. The Liquidating Trustee shall have the exclusive right to file and prosecute any objections to Claims and any Causes of Action on behalf of the Trust, including all Avoidance Actions and derivative Causes of Action. The Liquidating Trustee shall have the authority to compromise, settle, withdraw, sell, abandon, or otherwise resolve all objections to any Claim or any Cause of Action filed or asserted without approval of the Bankruptcy Court except as set forth herein. Unless otherwise ordered by the Bankruptcy Court, the Liquidating Trustee shall file and serve all objections to Claims no later than the Claims Objection Deadline.

Any holder of a Claim shall have the right to send written request to the Liquidating Trustee to pursue a Claim or Cause of Action along with information that such Claimant may possess that supports the Claim or Cause of Action. Upon receipt of such request, the Liquidating Trustee shall advise within thirty (30) days as to whether the Liquidating Trustee intends to pursue the Claim or Cause of Action. If the Liquidating Trustee does not advise that he intends to pursue the Claim or Cause of Action, a Claimant may, by written notice to the Liquidating Trustee, pursue, and have standing to pursue, any such claim on behalf of the Trust; provided however that the creditor shall be required to pay the expenses and costs associated with such claim, which costs and expenses shall be solely recoverable from the amounts recovered on account of the claim and not from the Trust.

3.7. Estimation of Claims. The Liquidating Trustee may at any time request that the Bankruptcy Court estimate any contingent or unliquidated Claim pursuant to § 502(c) of the Bankruptcy Code regardless of whether the Trustee or the Liquidating Trustee previously have objected to such Claim or whether the Bankruptcy Court has ruled on any such objection. The Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including, without limitation, during the pendency of any appeal relating to any such objection. Subject to the provisions of § 502(j) of the Bankruptcy Code, in the event that the Bankruptcy Court estimates any contingent or unliquidated Claim, the amount so estimated shall constitute the maximum allowed amount of such Claim. If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Liquidating Trustee may pursue supplementary proceedings to object to the allowance of such Claim. All of the aforementioned objection, estimation and resolution procedures are intended to be cumulative and not necessarily exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

3.8. Reserve for Disputed Claims.

(a) No Cash or other property shall be distributed on account of any Disputed Claim or, if less than the entire Claim is a Disputed Claim, the portion of a Claim that is Disputed, unless and until such Claim becomes an Allowed Claim. The Liquidating Trustee shall reserve and segregate Cash sufficient to pay holders of Disputed Claims their pro rata portion, if any, of

the Net Trust Proceeds distributed to Trust Beneficiaries. Any such Cash reserved shall be held and segregated by the Trust for the benefit of holders of Disputed Claims. In the event a Disputed Claim is ultimately Allowed, the holder of such previously Disputed Claim shall, within sixty (60) days, be entitled to payment of such holder's pro rata portion of any distributions previously made.

(b) The Liquidating Trustee may make such determinations on Disputed Claims as are appropriate, and as further subject to any Bankruptcy Court authorization as may be requested. The Liquidating Trustee is authorized, as often as desired but at least annually, to make determinations as to the valuation of the Disputed Claims.

(c) Upon the Effective Date, any Claims that are Disputed Claims shall be recognized in the Disputed Claims Reserve until entry of a Final Order of the Bankruptcy Court or other binding resolution of the status of the Disputed Claim occurs.

3.9. No Distribution in Excess of Allowed Amounts. Notwithstanding anything to the contrary contained in the Plan or this Trust Agreement, no Trust Beneficiary shall receive distributions of a value which exceed the amount of such Trust Beneficiary's Allowed Claim as of the Petition Date, plus accrued interest if such is provided for in the Plan. The foregoing shall not limit holders of Disputed Claims from receiving distributions on account of accrued interest as provided herein and in the Plan, if such holders' Disputed Claims becomes Allowed.

3.10. De Minimis Distributions. Notwithstanding anything to the contrary contained in the Plan or this Trust Agreement, the Liquidating Trustee shall not be required to distribute Cash to the holder of an Allowed Claim if the amount of cash to be distributed on account of such Claim is less than $25.00. Any holder of an Allowed Claim on account of which the amount of Cash to be distributed is less than $25.00 shall have such Claim discharged and shall be forever barred from asserting any such Claim against the Debtor, the Trust, or their respective property. Any Cash not distributed pursuant to this provision shall be the property of the Trust, free of any restrictions thereon. The Liquidating Trustee may, in his sole discretion, remit any Cash not distributed or otherwise utilized by the Trust pursuant to this Section 3.10 of the Trust Agreement into the registry of the Bankruptcy Court.

3.11. Setoffs. The Liquidating Trustee may set off against any distributions to be made to a Trust Beneficiary hereunder, any claims, rights and Causes of Action of any nature that the Liquidating Trustee (solely as Liquidating Trustee under this Trust Agreement) may at any time hold against such Trust Beneficiary; *provided, however*, that neither the failure to effect such a setoff nor the allowance of any Claim under or in accordance with the Plan shall constitute a waiver or release by the Liquidating Trustee of any such Claim, right and Causes of Action that the Liquidating Trustee may at any time possess against such Trust Beneficiary.

3.12. Disputed Payments. If any dispute arises as to the identity of a holder of an Allowed Claim who is to receive any distribution, the Liquidating Trustee may, in lieu of making such distribution to such Person, make reserve for such distribution. Such distribution shall be held in reserve until the disposition thereof shall be determined by order of the Bankruptcy Court or other court of competent jurisdiction or by written agreement among the interested parties to such dispute.

3.13. Unclaimed Distributions.

(a) Any distributions made hereunder which remain unclaimed ("Unclaimed Distributions") shall be held and reserved by the Trust for the benefit of the Trust Beneficiaries entitled thereto under the terms of this Trust Agreement and the Plan. All such unclaimed distributions shall be held for a period of sixty (60) days following the filing of the applicable notice of distribution and during such period shall be released from the Trust and delivered to the Trust Beneficiaries entitled thereto only upon presentation of proper proof by such Trust Beneficiaries of such entitlement. At the end of sixty (60) days following the filing of the relevant Notice of distribution of any Unclaimed Distributions, the Trust Beneficiaries theretofore entitled to such Unclaimed Distributions shall cease to be entitled thereto and the Unclaimed distributions for each such Trust Beneficiary shall then be distributed on the succeeding Payment Date on a pro rata basis to the Trust Beneficiaries who have received and have claimed distributions and who are otherwise entitled to further distributions under Sections 3.2 and 3.10, and if no such Trust Beneficiaries then exist, such Unclaimed Distributions shall be excess distributions to be distributed in accordance with Section 3.10 of this Trust Agreement.

(b) The Liquidating Trustee may choose to file, or cause to be filed, any tax or information return. All Cash held shall be invested in accordance with this Trust Agreement and § 345 of the Bankruptcy Code.

3.14. Uncashed Checks. Checks issued in respect of a distribution will be null and void if not negotiated within ninety (90) days after the date of issuance. distributions with respect to such un-negotiated checks shall be treated as an Unclaimed Distribution and will revert to the Trust for distribution in accordance with the Plan and Trust Agreement, and payment to such Holder with respect to such un-negotiated check shall be discharged.

3.15. Allocation of Tax Items.

(a) Unless otherwise required by applicable tax law, items of income, gain, loss and deduction recognized or incurred by the Trust and the amount of distributions received by the Trust shall be allocated Pro Rata among the Trust Beneficiaries who are entitled to receive distributions in the tax year in accordance with the priorities set forth in Section 3.2 hereof.

(b) Absent definitive guidance from the IRS or a court of competent jurisdiction to the contrary, the Liquidating Trustee shall:

(i) treat all Trust Assets allocable to, or retained on account of, Disputed Claims, as a discrete trust for federal income tax purposes, consisting of separate and independent shares to be established in respect of each Disputed Claim;

(ii) on the last day of each calendar year, to the extent there is a reserve for Disputed Claims on that date, treat as taxable income or loss of this separate trust, the portion of the annual taxable income or loss of the Trust that would have been allocated to the holders of such Disputed Claims had such claims been Allowed on the Effective Date;

(iii) treat as a distribution from this separate trust any increased amounts distributed by the Trust as a result of any Disputed Claim resolved earlier in the taxable year; and

(iv) to the extent permitted by applicable law, report consistently for state and local income tax purposes.

## ARTICLE 4

## SUCCESSOR CO-TRUSTEE

4.1. Removal of Liquidating Trustee. The Liquidating Trustee may be removed, with cause, by the Bankruptcy Court upon motion of a Trust Beneficiary. Such removal shall become effective on the date specified by the Bankruptcy Court. In the event such removal occurs, a notice of the identity of the successor trustee shall be filed with the Bankruptcy Court and served on the Trust Beneficiaries. Upon removal under this section, the removed Liquidating Trustee shall make a final report to the Trust Beneficiaries of all amounts collected under his or her ambit.

4.2. Resignation of Liquidating Trustee. The Liquidating Trustee may resign by filing written notice thereof with the Bankruptcy Court. Such resignation shall become effective on the earlier to occur of (i) sixty (60) days after the filing of such notice, or (ii) the appointment of a successor and the acceptance by such successor of such appointment. Upon resignation under this section, the resigned Liquidating Trustee shall make a final report to the Trust Beneficiaries of all amounts collected under his or her ambit.

4.3. Appointment of Successor Liquidating Trustee upon Removal, Resignation, or Death. If a Liquidating Trustee is removed pursuant to Section 4.1, resigns pursuant to Section 4.2, or dies, the Bankruptcy Court shall appoint a successor Liquidating Trustee. Any successor Liquidating Trustee appointed hereunder shall execute and file a statement accepting such appointment and agreeing to be bound by the terms of the Plan and upon such filing, the successor Liquidating Trustee shall immediately become vested with all the rights, powers, trusts and duties of the respective Liquidating Trustee.

4.4. Acceptance of Appointment by Successor Liquidating Trustee. Any successor Liquidating Trustee appointed pursuant to this Article 4 shall execute an instrument accepting such appointment as the Liquidating Trustee under this Trust Agreement and shall file and maintain such acceptance with the books and records of the Trust. Upon acceptance of such appointment as aforesaid, such successor Liquidating Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts and duties of its predecessor in the Trust with like effect as if originally named herein; provided, however, that a removed or resigning Liquidating Trustee shall, nevertheless, when requested in writing by the successor Liquidating Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Liquidating Trustee under the Trust all the estates, properties, rights, powers, and trusts of such predecessor Liquidating Trustee.

## ARTICLE 5

## EXCULPATION AND INDEMNIFICATION

5.1. Exculpation.

(a) From and after the Effective Date, the Liquidating Trustee shall be and hereby is exculpated by all Persons and entities, including, without limitation, Holders of Claims and other parties in interest, from any and all claims, causes of action and other assertions of liability arising out of the discharge of the powers and duties conferred upon said parties pursuant to or in furtherance of this Trust Agreement, the Plan, or any order of the Bankruptcy Court or applicable law or otherwise, except only for actions taken or not taken, from and after the Effective Date only to the extent determined by a Final Order to be solely due to their own respective gross negligence, willful misconduct or fraud.

(b) No Trust Beneficiary or other party-in-interest will have or be permitted to pursue any claim or cause of action against the Liquidating Trustee for making payments in accordance with the Plan or this Trust Agreement or for implementing the provisions of the Plan or this Trust Agreement. Any act taken or not taken, in the case of the Liquidating Trustee, with the approval of the Bankruptcy Court, will be conclusively deemed not to constitute gross negligence, willful misconduct, or a breach of fiduciary duty.

5.2. Indemnification. Upon application to and order entered by the Bankruptcy Court, the Trust shall indemnify, defend and hold harmless the Liquidating Trustee and his or her professionals, non-professionals, employees, affiliates and representatives, including but not limited to attorneys and accountants employed by the Liquidating Trustee or the Trust (the "Protected Parties") from and against any and all claims, causes of action, liabilities, obligations, losses damages or expenses (including attorneys' fees and expenses) occurring after the Effective Date which the Protected Parties may incur or which the Protected Parties may become subject to in connection with any action, suit, proceeding, or investigation brought by or threatened against such Protected Parties arising out of or due to their acts or omissions or consequences of such acts or omissions, with respect to the implementation or administration of the Trust or the Plan or the discharge of their duties hereunder or otherwise to the Trust or the Liquidating Trustee ("Related Matters"), other than to the extent determined by a Final Order to be solely due to their own respective gross negligence, willful misconduct, to the fullest extent permitted by applicable law.

5.3. Reimbursement. Upon application to and order entered by the Bankruptcy Court, the Liquidating Trustee may authorize available unencumbered funds of the Trust to be advanced to satisfy any reasonable and documented out-of-pocket costs and expenses (including reasonable attorneys' fees and other costs of defense) incurred by any Protected Party who is threatened to be named or made a defendant or a respondent in any proceeding concerning the administration, business, and affairs of the Trust; provided, however, that all such payments are subject to disgorgement in the event that the underlying claim against the Protected Party has been finally and judicially determined to have resulted from such Protected Party's own willful misconduct, gross negligence, or fraud. In the event that, at any time whether before or after termination of this Trust Agreement, as a result of or in connection with Related Matters, any Protected Party is required to produce any of its personnel (including former employees) for examination, deposition

or other written, recorded or oral presentation, or any Protected Party is required to produce or otherwise review, compile, submit, duplicate, search for, organize or report on any material within such Protected Party's possession or control pursuant to a subpoena or other legal (including administrative) process, the Protected Party shall be reimbursed by the Trust for its out of pocket expenses, including the reasonable fees and expenses of its counsel, and will be compensated by the Trust for the time expended by its personnel based on such personnel's then current hourly rate.

## ARTICLE 6

## REPORTS TO BENEFICIARIES OF CREDITORS' TRUST

6.1. Reporting to the U.S. Trustee. Commencing from and after the Effective Date, the Liquidating Trustee shall file those periodic reports required by the Plan and shall promptly pay any and all United States Trustee fees as and when due.

6.2. Tax Reporting. The Liquidating Trustee shall submit to each Trust Beneficiary appearing on its records during such year a separate statement setting forth the holder's share of items of income, gain, loss, deduction or credit. The Trust's taxable income, gain, loss, deduction, and credit will be allocated pro rata to the holders of Trust in accordance with such holders' respective beneficial interests in the Trust Assets. In addition, the Liquidating Trustee shall file all tax returns required to be filed and shall pay all taxes on such returns, if any. The Liquidating Trustee shall file (or cause to be filed) any other statements, returns, or disclosures relating to the Trust that are required by any governmental authority.

6.3. Other Reporting. The Liquidating Trustee may, but is not required, prepare and file, if deemed necessary or advisable, reports of distributions and dispositions of Trust Assets other than the reports required in this Agreement.

## ARTICLE 7

## TERMINATION AND FINAL DISTRIBUTION

7.1. Termination of Trust. The Trust will terminate on the earlier of (a) thirty (30) days after the full and final distribution of the Trust Assets or proceeds thereof in accordance with the terms of this Trust Agreement and the Plan, and (b) the fifth (5th) anniversary of the Effective Date; provided, however, that within six months of the fifth (5th) anniversary of the Effective Date, the Bankruptcy Court, upon a motion by the Liquidating Trustee or any party in interest, may extend the term of the Trust for an additional term of not more than five (5) years if it is necessary for the liquidation of the Trust Assets. Multiple extensions may be obtained so long as Bankruptcy Court approval is obtained within six months of the beginning of each such extended term. Notwithstanding the foregoing, the Liquidating Trustee shall not unduly prolong the duration of the Trust and shall at all times endeavor to resolve, settle or otherwise dispose of all property and Claims that constitute Trust Assets and to effect the full and final distribution of the Trust Assets to the Trust Beneficiaries in accordance with the terms hereof and the Plan and, thereafter, terminate the Trust as soon as practicable. Notwithstanding anything to the contrary herein, any termination of the Trust is conditioned upon payment of all costs and fees payable to the U.S. Trustee and filing and receiving Bankruptcy Court approval of an order to close the Case.

7.2. Final Distribution. Prior to and upon termination of the Trust, the Trust Assets will be finally distributed to the beneficiaries of Trust pursuant to the provisions set forth herein.

## ARTICLE 8

## AMENDMENT AND WAIVER

8.1. Amendment and Waiver. This Trust Agreement may not be amended, modified or supplemented, and no provision hereof or rights hereunder may be waived, except with the written consent of the Liquidating Trustee and authorization from the Bankruptcy Court. Any amendments to the Trust Agreement shall not be inconsistent with the purpose and intention of the Trust to liquidate in an expeditious but orderly manner the Trust Assets. Notwithstanding anything to the contrary herein, no amendment, modification, supplement or waiver shall be effective if it materially and adversely affects the liquidation and distributions contemplated by the Plan, or if it would adversely affect the federal income tax status of the Trust as a "grantor trust." The Liquidating Trustee shall promptly file a copy of each amendment, modification, supplement or waiver of this Trust Agreement.

## ARTICLE 9

## MISCELLANEOUS PROVISIONS

9.1. Intention of Parties to Establish Trust. This Trust Agreement is intended to create a Creditors' Trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent with such intent and purpose and, if necessary, this Trust Agreement may be amended to comply with such federal income tax laws, which amendments may be made to apply retroactively.

9.2. Preservation of Privilege and Defenses. Notwithstanding anything herein or in the Plan to the contrary, the Debtor shall not be required to waive any existing rights or privileges to which they are entitled under applicable law, including but not limited to the attorney-client privilege, except with regards to Claims and Causes of Action transferred to the Trust. Notwithstanding anything herein or in the Plan to the contrary, all professionals shall reserve all rights at law regarding work product privilege.

9.3. Prevailing Party. If the Liquidating Trustee or the Trust, as the case may be, is the prevailing party in a dispute regarding the provisions of this Trust Agreement or the enforcement thereof, the Liquidating Trustee or the Trust, as the case may be, shall be entitled to collect any and all costs, expenses and fees, including attorneys' fees, from the non- prevailing party incurred in connection with such dispute or enforcement action.

9.4. Confidentiality. The Liquidating Trustee, and each of their respective employees, members, agents, professionals and advisors (each a "Confidential Party" and collectively, the "Confidential Parties") shall hold strictly confidential and not use for personal gain any material, non-public information of which they have become aware in their capacity as a Confidential Party, of or pertaining to any entity to which any of the Trust Assets relates; provided, however, that such information may be disclosed if (a) it is now or in the future becomes generally available to the

public other than as a result of a disclosure by the Confidential Parties, or (b) such disclosure is required of the Confidential Parties pursuant to legal process including but not limited to subpoena or other court order or other applicable laws or regulations. In the event that any Confidential Party is requested to divulge confidential information pursuant to this subparagraph (b), such Confidential Party shall promptly, in advance of making such disclosure, provide reasonable notice of such required disclosure to the Liquidating Trustee to allow him/her sufficient time to object to or prevent such disclosure through judicial or other means and shall cooperate reasonably with the Liquidating Trustee in making any such objection, including but not limited to appearing in any judicial or administrative proceeding in support of any objection to such disclosure.

9.5. Laws as to Construction. This Trust Agreement shall be governed and construed in accordance with the laws of the State of Mississippi, without giving effect to rules governing the conflict of laws.

9.6. Severability. If any provision of this Trust Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Trust Agreement, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

9.7. Retention of Jurisdiction. Notwithstanding the Effective Date and to the fullest extent permitted by law, the Bankruptcy Court shall retain exclusive jurisdiction over the Trust after the Effective Date, including, without limitation, jurisdiction to resolve any and all controversies, suits and issues that may arise in connection with the Trust, the Trust Agreement, or any entity's obligations incurred in connection with the Trust, and any action against the Liquidating Trustee or any professional retained by the Liquidating Trustee or the Trust, in each case in its capacity as such. Each party to this Trust Agreement hereby irrevocably consents to the exclusive jurisdiction of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Trust Agreement or of any other agreement or document delivered in connection with this Trust Agreement, and also hereby irrevocably waives any defense of improper venue, forum non conveniens or lack of personal jurisdiction to any such action brought in the Bankruptcy Court. Each party further irrevocably agrees that any action to enforce, interpret or construe any provision of this Trust Agreement will be brought only in the Bankruptcy Court. Each party hereby irrevocably consents to service by certified or registered mail, return receipt requested, to be sent to its address set forth in this Trust Agreement or in the official Schedules filed in the Cases or to such other address as it may designate from time to time by notice given in the manner provided above, of any process in any action to enforce, interpret or construe any provision of this Trust Agreement.

9.8. Notices. Any notice or other communication under this Trust Agreement shall be in writing and shall be given by either (i) hand-delivery, (ii) first class mail (postage prepaid), (iii) reliable overnight commercial courier (charges prepaid), or (iv) email, if confirmed promptly by any of the methods specified in clauses (i), (ii) and (iii) of this sentence, to the following addresses:

*If to the Liquidating Trustee*

Derek A. Henderson
1765-1 Lelia Drive, Suite 103
Jackson, Mississippi 39216
Telephone: (601) 948-3167
Email: derek@derekhendersonlaw.com

*with a copy to*

Douglas C. Noble
**McCraney | Montagnet | Quin | Noble PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 707-5725
Facsimile: (601) 510-2939
Email: dnoble@MMQNLaw.com

Notice given by email shall be deemed to have been given and received when received and read by recipient, and notices via email shall require a read-receipt attachment for such purposes. Notice by overnight courier shall be deemed to have been given and received on the date scheduled for delivery. Notice by mail shall be deemed to have been given and received three (3) calendar days after the date first deposited in the United States Mail. Notice by hand delivery shall be deemed to have been given and received upon delivery. A party may change its address by giving written notice to the other party as specified herein.

9.9. Headings. The section headings contained in this Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Trust Agreement or of any term or provision hereof.

9.10. Integration. This Trust Agreement and the Plan constitute the entire agreement of the parties with respect to the subject matter hereof and thereof and supersede all oral negotiations and prior writings with respect to the subject matter hereof and thereof.

9.11. Further Assurances. From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of the Trust and to consummate the transactions contemplated hereby.

9.12. Successors and Assigns. The terms of this Trust Agreement shall be binding upon, and shall inure to the benefit of, the parties hereto, and their respective successors and assigns.

9.13. Counterparts. This Trust Agreement may be signed by the parties hereto in counterparts, which, taken together, shall constitute one and the same document, and the

counterparts may be delivered by facsimile transmission or by electronic mail in portable document format (.pdf).

9.14. Relationship to the Plan. The principal purpose of this Trust Agreement is to aid in the implementation of the Plan and therefore this Trust Agreement incorporates the provisions of the Plan. To that end, the Liquidating Trustee shall have full power and authority to take any action consistent with the purpose and provisions of the Plan, and to seek any orders from the Bankruptcy Court in furtherance of implementation of the Plan and this Trust Agreement. If any provisions of this Trust Agreement are found to be inconsistent with the provisions of the Plan, the provisions of the Plan shall control.

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers, all as of the date first above written.

Date: ____________________, 2024.

**DEREK HENDERSON,**
**Chapter 11 Trustee of United Furniture Industries, Inc.,** ***et al.***

By: ______________________________________

**DEREK HENDERSON,**
**Liquidating Trustee of UFI Liquidating Trust**

By: ______________________________________