

**SO ORDERED,**

**Judge Selene D. Maddox**

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| UNITED FURNITURE INDUSTRIES, INC., *et al.*[1] | ) | Case No. 22-13422-SDM |
| | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER CONFIRMING PLAN OF LIQUIDATION

THIS CAUSE came on for hearing before the Court on March 21, 2024 (the

"**Confirmation Hearing**"), to consider confirmation of the *Plan of Liquidation* filed on

November 22, 2023 [Dkt #881] (the "**Plan**"), by Derek Henderson, chapter 11 trustee (the

"**Trustee**") for each of the above-captioned debtors (collectively, the "**Debtors**").

THE COURT entered its *Order (I) Resolving Objection by the United States Trustee [Dkt*

*#952], (II) Approving Disclosure Statement as Amended, (III) Fixing Dates for Voting on Plan of*

---

[1] The Debtors in these Chapter 11 cases, and the last four digits of each Debtor's federal tax identification number, are as follows: United Furniture Industries, Inc. (2576); United Furniture Industries NC, LLC.(9015); United Furniture Industries CA, Inc. (9966); FW Acquisition, LLC (2133); Furniture Wood, Inc. (9186);United Wood Products, Inc. (1061); Associated Bunk Bed Company (0569); UFI Royal Development, LLC (8143); UFI Exporter, Inc. (6518); UFI Transportation, LLC (9471); and LS Logistics, LLC (7004).

*Liquidation, and (IV) Notice of Confirmation Hearing* on January 26, 2024 [Dkt #985] (the

"**Disclosure Order**"), approving the *Amended Disclosure Statement to Accompany Plan of*

*Liquidation* [Dkt #986] (the "**Disclosure Statement**") as containing adequate information pursuant

to § 1125(b) of the Bankruptcy Code and setting the date and time of the Confirmation Hearing

pursuant to § 1128 of the Bankruptcy Code and Bankruptcy Rule 3020.  Having considered the

Plan, the *Declaration of Stephanie Kjontvedt of Epiq Corporate Restructuring, LLC regarding the*

*Solicitation and Tabulation of Ballots Cast on the Plan of Liquidation* [Dkt #1028] (the "**Voting**

**Certification**"), all evidence presented and all statements and argument of counsel made at the

Confirmation Hearing, the entire record in this case; ~~and taking judicial notice of all pleadings and~~

~~records filed with the Clerk~~; and with good and sufficient cause  having been shown by the Trustee,

as proponent of the Plan, in support of confirmation thereof,      (SDM)

THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:

A.      This order (the "**Confirmation Order**") constitutes the Court's findings of fact

and conclusions of law under Federal Rule of Civil Procedure 52, as made applicable by

Bankruptcy Rules 7052 and 9014.  Capitalized terms not otherwise defined herein shall have the

meaning ascribed to them in the Plan.

B.      An involuntary petition for relief under Chapter 7 of the Bankruptcy Code, 11

U.S.C. § 101, *et seq.*, was filed against United Furniture Industries, Inc. ("**UFI**") on December

30, 2022.  UFI's case was converted to a voluntary case under Chapter 11 by bench ruling on

January 18, 2023, and by order later entered January 27, 2023 [Dkt #106] the ("**Order for**

**Relief**"), which order also directed the U.S. Trustee to appoint a Chapter 11 trustee.  The Trustee

was appointed for UFI on January 23, 2023, and an order approving his appointment was entered

in UFI on January 25, 2023 [Dkt #101].  The Trustee was appointed on February 13, 2023, in all

remaining Cases and orders were entered approving his appointment were entered on February 14, 2023.

C.     Each of the remaining Debtors ("**Affiliated Debtors**") filed its voluntary petition under Chapter 11 of the Bankruptcy Code on January 31, 2023 ("**Voluntary Petition Date**"). UFI is the sole owner, and the Trustee is the sole equity representative, of the Affiliated Debtors.

D.     The Trustee has administered the assets and properties of the Debtors pursuant to §§ 1106 and 1108 of the Bankruptcy Code.

E.     The Trustee provided to all creditors and parties-in-interest due and proper notice of the Confirmation Hearing and all applicable dates and times related thereto, including the Objection Deadline and the procedures for filing objections to the Plan, in accordance with the Disclosure Order and Bankruptcy Rules 2002(b), 3018, 3020, and 9014.  *See* Dkt #990.  Such notice was further fair, adequate and appropriate as to all parties to be affected by the Plan and the transactions contemplated thereby.

F.     The Trustee timely filed the Voting Certification as required by Local Rule 3018-1(b).  Because all classes of Claims and Interests are unimpaired under and deemed to accept the Plan, no ballots were required to be distributed and none of the classes were entitled to vote on the Plan.

G.     The Confirmation Hearing was held in accordance with the Disclosure Order and § 1128 of the Bankruptcy Code and Bankruptcy Rule 3020(b)(2).

H.     The only objections to confirmation of the Plan were filed by the Mississippi Department of Revenue [Dkt #1025] and the Internal Revenue Service [Dkt #1026].  Both objections are resolved by the agreed terms of this Confirmation Order.

I.      The Trustee has satisfied the Requirements of § 1129 of the Bankruptcy Code as specifically set forth below:

1.      § 1129(a)(1) – Plan's Compliance with Applicable Code Provisions

(a)      The Plan, as modified by this Order, complies with all applicable provisions of the Bankruptcy Code as required by § 1129(a)(1) of the Bankruptcy Code, including, without limitation, §§ 1122 and 1123 of the Bankruptcy Code.  Pursuant to §§ 1122(a) and 1123(a)(1) of the Bankruptcy Code, Article 4 of the Plan designates separate classes of Claims and Interests for the Plan as to each of the Debtors.  As required by § 1122(a) of the Bankruptcy Code, each such class of Claims and Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class.

(b)      Pursuant to § 1123(a)(2) and (3) of the Bankruptcy Code, Article 5 of the Plan specifies all classified Claims and Interests that are either Impaired or Unimpaired under the Plan.

(c)      Pursuant to § 1123(a)(4) of the Bankruptcy Code, Article 5 of the Plan provides the same treatment for each Claim or Interest within a particular Class.

(d)      Pursuant to § 1123(a)(5) of the Bankruptcy Code, the Plan provides adequate means for implementation.  On and after the Effective Date, the Liquidating Trust will be formed and remain in existence to own and administer all remaining assets and properties of the Debtors and to bring to conclusion all remaining matters necessary to complete liquidation of the estates.  Articles 6 and 7 and various other provisions of the Plan specifically provide adequate means for the Plan's implementation, including, without limitation: (i) vesting of all right, title and interest in all of the Debtors' property and assets in the Liquidating Trust; (ii) the appointment and authorization of Derek Henderson as Liquidating Trustee; (iii) effecting

the transactions necessary to effectuate the provisions of the Plan; and (v) winding down and closing of these Cases.

(e)    The identity of the Liquidating Trustee is disclosed in the Plan. Derek Henderson will be discharged as Trustee and continue managing the affairs of these estates as Liquidating Trustee from and after the Effective Date, as also disclosed in the Plan. Such appointment is consistent with the interests-of-creditors public policy and satisfies the requirements of § 1123(a)(7) of the Bankruptcy Code.

2.    § 1129(a)(2) – Compliance with Applicable Code Provisions

The Trustee has satisfied § 1129(a)(2) of the Bankruptcy Code with respect to solicitation of acceptances.  The requirements of §§ 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018 are satisfied because all classes of Claims and Interests entitled to vote on the Plan received ballots and cast votes on the Plan in sufficient number and amount to accept the Plan.

3.    § 1129(a)(3) – Proposal of the Plan in Good Faith

The Trustee proposed the Plan in good faith and not by any means forbidden by law. Consistent with the purposes of Chapter 11 of the Bankruptcy Code, the Plan is designed to distribute the assets from the Debtors' estates in accordance with the priorities established by the Bankruptcy Code.  The Plan is a product of a cooperative and collaborative process that has resulted in formulation of a successful Plan supported by creditors, providing additional and independent evidence of the Trustee's good faith.

4.    § 1129(a)(4) – Approval of Certain Payments to Professionals

Pursuant to § 1129(a)(4) of the Bankruptcy Code, any payments made by the estates to Professionals for services or for costs and expenses in, or in connection with, these Cases

through the Effective Date have been or will be disclosed to the Court in applications to employ
Professionals and in *interim* applications for compensation of fees and reimbursement of
expenses.  Any compensation of fees or reimbursement of expenses paid by the estates to
Professionals pursuant to monthly invoices or *interim* applications, together with all other fees
and expenses incurred by Professionals in these Cases through the Effective Date, have been
approved already by the Court or will be subject to final approval by the Court pursuant to §§
328 and 330 of the Bankruptcy Code, as applicable, and applicable orders of the Court.

    5.    § 1129(a)(5) – Disclosures regarding Officers and Directors

    Pursuant to § 1129(a)(5) of the Bankruptcy Code, Derek Henderson is identified as the
Liquidating Trustee of the Liquidating Trust from and after the Effective Date and as the
continued responsible representative for the Debtors' estates.  In accordance with the Court's
findings contained in the record of the Confirmation Hearing, the appointment and selection of
the Liquidating Trustee is consistent with the best interests of the holders of Claims and Interests
and with public policy.

    6.    § 1129(a)(6) – Approval of Rate Change by Regulatory Commission

    Section 1129(a)(6) of the Bankruptcy Code is not applicable to these Cases.

    7.    § 1129(a)(7) – Best Interest of Creditors and Holders of Interests

    All Impaired classes of Claims and Interests under the Plan have accepted the Plan.
Nevertheless, the Plan and the proposed means for completion of liquidation of the estates
provide the best, most efficient and greatest return to holders of Claims and Interests.
Liquidation of any of the Debtors' estates by a trustee under Chapter 7 or by any other means
than that proposed in the Plan is unlikely to provide a greater benefit to creditors.

8.      § 1129(a)(8) – Acceptance of the Plan by Each Impaired Class

The requirements of § 1129(a)(8) are satisfied as evidenced by the Voting Certification.

9.      § 1129(a)(9) – Treatment of Claims Entitled to Priority

With respect to each of the Debtors, the Plan provides for treatment of Administrative

Claims and Priority Claims in the manner required by § 1129(a)(9) of the Bankruptcy Code.

10.     § 1129(a)(10) – Acceptance by at Least One Impaired Class

The requirements of § 1129(a)(8) are satisfied due to the acceptance by all Impaired

classes entitled to vote on the Plan.

11.     § 1129(a)(11) – Feasibility of the Plan

The Plan satisfies § 1129(a)(11) by providing for adequate means to enable the Trustee to

effectuate its terms and for the effective and efficient administration and closing of the estates

from and after the Effective Date.  Confirmation of the Plan is not likely to be followed by the

liquidation of any of the Debtors or the need for further financial reorganization.

12.     § 1129(a)(12) – Payment of Bankruptcy Fees

In accordance with § 1129(a)(12) of the Bankruptcy Code, Section 3.1.3 of the Plan

provides for the payment of all fees payable under 28 U.S.C. § 1930 to the United States Trustee

for this District, and the Trustee has adequate means to pay all such fees.

13.     § 1129(a)(13) – Retiree Benefits

Section 1129(a)(13) of the Bankruptcy Code is not applicable in these Cases.

14.     § 1129(a)(14) – Domestic Support Obligations

Section 1129(a)(14) of the Bankruptcy Code is not applicable in these Cases.

15.     § 1129(a)(15) – Individual Requirements

Section 1129(a)(15) of the Bankruptcy Code is not applicable in these Cases.

16.      § 1129(a)(16) – Transfers by Non-Moneyed Entity

Section 1129(a)(16) of the Bankruptcy Code is not applicable in these Cases.

17.      § 1129(d) – Principal Purpose of the Plan

The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the

application of Section 5 of the Securities Act of 1933.

J.      Substantive consolidation of the assets and liabilities of the Debtors and the

deemed merger of all corporate entities is in the best interest of the estates and all holders of

Claims and Interests to provide the most efficient and economical process for confirming the

Plan and administering and paying Claims.

K.      Each term and provision of the Plan, as may be modified by this Confirmation

Order or as interpreted by the Court, is valid and enforceable pursuant to its terms.

BASED ON THE FOREGOING, the Court is of the opinion that confirmation of the Plan

is in the best interests of the Debtors' estates and all creditors and parties-in-interest and that the

Plan should therefore be approved and confirmed.

THEREFORE, IT IS HEREBY ORDERED:

1.      The record of the Confirmation Hearing is hereby closed.

2.      The Plan (including all documents contained in or contemplated by the

Plan Supplement) and each of the Plan's provisions are hereby approved and confirmed in all

respects pursuant to § 1129(a) of the Bankruptcy Code, subject to the amendments to the Plan as

set forth in this Order.  If there is any conflict between the terms of the Plan and the terms of this

Confirmation Order, the terms of this Confirmation Order shall control.

3.      The Trustee and Liquidating Trustee are hereby authorized to take all

actions necessary or appropriate to enter into, execute, deliver and consummate the transfer and

assignment of all assets and properties to the Liquidating Trust and perform such other acts as

may be necessary to implement and effectuate the Plan, and are further authorized and directed

to execute and deliver any instrument and perform any other act that is necessary for the

consummation of the Plan, including formation and fulfillment of the obligations under the

Liquidating Trust Agreement in accordance with § 1142 of the Bankruptcy Code.  The approvals

and authorizations specifically set forth in this Confirmation Order are not intended to limit or

condition the authority, under otherwise applicable law, of any party to take any and all actions

necessary or appropriate to implement, effectuate and consummate the Plan, this Confirmation

Order and the respective transactions contemplated thereby on and after the Effective Date.

4.      The Effective Date of the Plan shall be the date after entry of this

Confirmation Order that the conditions set forth in Article 11 of the Plan have been met or

waived in accordance therewith.  The Trustee shall, within three (3) Business Days after the

Effective Date has occurred, serve upon all holders of Claims and Interests, all Professionals, and

all counterparties to any Executory Contract or Unexpired Lease a copy of the *Notice of Effective

Date* in substantially the form attached hereto as <u>Exhibit 1</u>, which is hereby approved, and shall

file with the Court proof of service of such notice having been effected.

## EFFECTS OF CONFIRMATION

5.      If an Executory Contract or Unexpired Lease not previously rejected by

the Trustee is rejected pursuant to the Plan or this Order, and rejection results in a Rejection

Claim, then such Rejection Claim shall be deemed discharged and forever barred, shall not be

enforceable against the estates or the Liquidating Trust or the properties of any of them, and shall

not be entitled to participate in any distribution under the Plan unless a Proof of Claim is filed

within thirty (30) days after the Effective Date.  The Trustee shall serve a copy of the *Notice of

Effective Date* to each counterparty to any Executory Contract or Unexpired Lease rejected

pursuant to the Plan which shall be sufficient notice of such rejection and of the deadline by

which any such Proof of Claim must be filed.

6.      On the Effective Date, all right, title and interest in all of the Debtors'

property and assets, including without limitation, all rights and causes of action, whether arising

by contract, under the Bankruptcy Code, under the Plan or under other applicable law, together

with all rights afforded the Trustee or the Debtors under the Plan shall vest in the Liquidating

Trust.  The assignment and transfer of the Debtors' property and assets to the Liquidating Trust

(i) is a legal, valid, and effective transfer of property, (ii) will vest the Liquidating Trust with

good title to Trust Assets as provided for in the Plan, this Confirmation Order or a prior order of

the Court, (iii) does not constitute an avoidable transfer under the Bankruptcy Code or under

applicable non-bankruptcy law, and (iv) does not and shall not subject the estates or the

Liquidating Trust to any liability by reason of such transfer under the Bankruptcy Code or under

applicable non-bankruptcy law.  The transfers of property by the Trustee to holders of Claims

and Interests under the Plan are for good consideration and value.

7.      In accordance with § 1141 of the Bankruptcy Code:

(a)      On and after the Effective Date, the provisions of the Plan shall be

binding upon and inure to the benefit of the Debtors and their estates, all present and former

holders of Claims against and Interests in the Debtors, the Liquidating Trust and all other

respective successors and assigns, and all other parties-in-interest in these Cases.

(b)      All assets and property of the Debtors shall vest in the Liquidating

Trust as provided in the Plan or this Confirmation Order, with such assets and properties being

subject to such Liens, claims, and interests in effect prior to such transfer.

8.      Confirmation of the Plan and entry of this Confirmation Order shall constitute an injunction and shall continue in effect all applicable stays and prohibitions as set forth below:

(a)      Section 13.3 of the Plan shall be retitled "*Channeling Injunction*" and the following sentence shall be added to the end of the first paragraph of Section 13.3:

"The injunction contained in this paragraph shall continue in full force and effect only until such time as the Liquidating Trust is terminated in accordance with the provisions of the Liquidating Trust Agreement or upon further order of the Court."

(b)      Unless expressly modified or lifted by the Court, the injunctions or stays provided for in the Cases, including as provided in Section 13.3 of the Plan and in this Confirmation Order, under §§ 105 or 362 of the Bankruptcy Code or otherwise, and existing on the date of entry of this Confirmation Order or created hereby, shall remain in full force and effect unless modified or lifted by order of the Court.

(c)      The prosecution (whether directly, derivatively or otherwise) of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released or exculpated by operation of Section 13.4 of the Plan is hereby permanently enjoined in accordance with Sections 13.5 of the Plan.

## CORPORATE ACTIONS

9.      Except as provided in the Plan and this Confirmation Order, each of the Debtors shall continue in existence on and after the Effective Date for as long as the Liquidating Trustee, in his discretion, shall determine as necessary to administration of these estates.

10.      As provided by the Plan, all shares of the existing stock in UFI shall be deemed cancelled on the Effective Date.

11.     On the Effective Date and upon formation of the Liquidating Trustee, the Trustee shall be discharged from his duties as trustee for the Debtors and fully relieved of his responsibilities as such without the necessity for any other corporate or other action.

12.     As of or following the Effective Date, pursuant to §§ 1123(a)(6) and 1142 of the Bankruptcy Code and the applicable law of the state of formation of the Debtors, the Trustee and Liquidating Trustee, as applicable, shall be, and hereby are, authorized, in accordance with applicable terms of the Plan and this Confirmation Order and without further approvals, to:

(a)     effectuate the Plan and the transactions contemplated by the Plan and this Confirmation Order, take any proceedings or actions provided for or contemplated by the Plan or this Confirmation Order, and to execute, deliver, implement and perform their obligations under the Plan and any other agreements, instruments and other documents that may be necessary or appropriate for the implementation or consummation of the Plan, all without further action by their respective directors, stockholders, and/or partners, and with like effect as if such actions had been taken by unanimous action of the respective directors, stockholders, and/or partners of the appropriate Debtor; and

(b)     if any of the actions described in the Plan or this Confirmation Order would otherwise require the consent or approval of the directors, stockholders, members and/or partners of any Debtor, this Confirmation Order shall constitute such consent or approval, and such actions shall be, and hereby are, deemed to have been taken by unanimous action thereby.

## POST EFFECTIVE-DATE ADMINISTRATION

13.     Upon formation of the Liquidating Trust, the Liquidating Trustee is authorized to carry out the duties and obligations set forth in the Liquidating Trust Agreement to

further administration of the estates of the Debtors from and after the Effective Date.  The

Liquidating Trustee shall have the exclusive right to sell and dispose of assets and property held

by the Liquidating Trust; to investigate and pursue, settle, or abandon Causes of Action; make,

file and continue prosecution of objections to the allowance and/or amount of any Claim or

Interest; and make distributions to holders of Allowed Claims and Allowed Interests.  The

Liquidating Trustee shall have the exclusive right to settle, compromise, otherwise resolve or

withdraw any objection to Claims and Interests without approval of this Court.

14.    The Liquidating Trustee shall be entitled to employ attorneys and other

Professionals as necessary to fulfill his duties until the estates are fully administered and the

Liquidating Trust is terminated.  Such Professionals shall be entitled to payment of their

reasonable compensation and reimbursed their reasonable expenses from assets and property

held in the Liquidating Trust without having to file applications with or obtain orders approving

such payments from the Court.

15.    As provided in Section 3.2, all Professionals shall file with the Court their

final fee applications for allowance and payment of all Administrative Claims for fees and

reimbursement of expenses incurred on or before the date that is thirty (30) days after the

Effective Date.  The Trustee shall serve copies of the *Notice of Effective Date* on all

Professionals.

## ADDITIONAL PROVISIONS

16.    Pursuant to § 1111(a) of the Bankruptcy Code and Bankruptcy Rule 3003,

and except as may be governed by an order of the Court to the contrary or unless otherwise

agreed by the Trustee, Claims listed in the Debtors' Schedules filed pursuant to Rule 1007(b)(1),

as amended, for which no Proof of Claim was filed by the Bar Date and as to which no objection

has been filed, are hereby deemed Allowed in such amounts as are contained in such Schedules,

and all Claims listed in the Debtors' Schedules as disputed, contingent or unliquidated and for

which no Proof of Claim was filed by the Bar Date are hereby forever barred, estopped,

cancelled and enjoined, and the holders of such Claims are not entitled to any recovery from the

estates under the Plan.

17.     The substantial consummation of the Plan, within the meaning of § 1127

of the Bankruptcy Code, shall be deemed to occur on the Effective Date.

18.     On or before the Effective Date, the Trustee shall pay all fees payable

pursuant to 28 U.S.C. § 1930 and shall continue to pay such fees until a final decree is entered

closing each of these Cases or unless the Court orders otherwise.

19.     The Court hereby authorizes the Trustee to consummate the Plan

immediately after entry of this Confirmation Order subject to the occurrence (or waiver) of the

conditions precedent to consummation set forth in Section 11.2 of the Plan, notwithstanding

Rules 6004(g) and 6006(d) which are hereby waived.

20.     Under §§ 105(a) and 1142 of the Bankruptcy Code, and notwithstanding

entry of this Confirmation Order, the occurrence of the Effective Date or the undertaking of any

of the actions or transactions authorized hereby, the Court shall retain jurisdiction over all

matters arising under, arising out of, or related to implementation and enforcement of the Plan,

this Confirmation Order and all actions and transactions taken or prohibited pursuant thereto to

the fullest extent permitted by law, including, among other things, jurisdiction over the matters

specifically listed in Article 14 of the Plan.

21.     Notwithstanding anything to the contrary in the Plan or this Confirmation

Order: (i) the Debtors' Master Lease Agreements (as amended or revised from time to time, and

including all amendments, supplements, addendums, schedules, and Lease Schedules) with

Pathward National Association (f/k/a MetaBank, N.A.) or Crestmark Equipment Finance
(collectively, "**Pathward**") are rejected and terminated as of the Effective Date; (ii) Pathward
may immediately, without further motion, notice or order of the Court, repossess, seize, sell,
distrain, retain, restrain, replevin, sequester, attach, or otherwise obtain possession, custody,
control, ownership, or effectuate a transfer of ownership of any property leased by Pathward to
the Debtors; and (iii) Pathward reserves all of its rights of setoff and recoupment against the
Debtors, the Debtors' estates, the Trustee, and the Liquidating Trust, and Pathward may assert its
claims defensively in any current or future litigation or dispute of any kind.

22.     The *Objection* [Dkt #1025] filed by the Mississippi Department of
Revenue is resolved by the terms in this ¶ 22 of this Confirmation Order.  Notwithstanding
anything in the Plan or the Confirmation Order or any other Order filed in these Cases to the
contrary,

A.     MDOR's setoff rights under section 553 of the Bankruptcy Code and recoupment
rights are preserved and neither the Debtors, nor the Trustee, nor the Liquidating
Trustee shall have setoff rights against MDOR absent an order from this Court;

B.     Except as may be otherwise subject to the *Order and Notice of Bar Date for
Administrative Expense Claims* [Dkt #826], as set forth under 503(b)(1)(D) of the
Bankruptcy Code, MDOR shall not be required to file or to have filed any proofs
of claims or request for payment in the Chapter 11 Cases for any Administrative
Claims for the liabilities described in section 503(b)(1)(B) and (C) of the
Bankruptcy Code in order for those liabilities to be considered an allowed
Administrative Claim.

C.     The Debtors, the Trustee, or the Liquidating Trustee, as applicable, (a) shall submit
returns and remit payment, including penalties and interest, for all past-due
liabilities described in section 503(b)(1)(B) and (C) of the Bankruptcy Code taxes
past due, and (b) timely submit returns and remit payment, including penalties and
interest, for all liabilities described in section 503(b)(1)(B) and (C) of the
Bankruptcy Code as those liabilities become due, all as required under applicable
Mississippi state law. Should the Debtors, the Trustee or the Liquidating Trustee,
as applicable, fail to so timely file and pay, MDOR may proceed with Mississippi
state law remedies for collection of any amounts due only after first obtaining an
order granting such relief from the Court;

D.     The Allowed Priority Tax Claims of MDOR shall include all accrued interest properly charged under applicable non-bankruptcy law through the date of payment of such Allowed Priority Tax Claim; and

E.     Nothing shall affect the statutory authority of MDOR to assess any non-Debtor and to pursue collection from such non-Debtors for the taxes the Debtors owe MDOR.

23.     The *Objection* [Dkt #1026] filed by the Internal Revenue Service (the "**Service**") specified a number of unfiled tax returns for UFI and other of the Affiliated Debtors. The Service and the Trustee have addressed each return and the agreement concerning the same is specified below resolving the Objection:

F.     UFI – unfiled Federal Form 720 excise tax return.  The Trustee anticipates filing this return on or before April 30, 2024;

G.     FW Acquisition, LLC ("**Acquisition**") – unfiled Federal Form 1120 for tax period ending 12/31/2022.  No separate form 1120 is required to be filed for Acquisition. Filings for Acquisition are included in the consolidated 1120-S filings for UFI;

H.     UFI Royal Development, LLC ("**Development**") – unfiled Federal Form 941 for tax period ending 3/31/2023 and Federal Form 940 for tax period ending 12/31/2023. The Trustee anticipates that the returns will be filed for Development on or before April 30, 2024;

I.     UFI Exporter, Inc. ("**Exporter**") – unfiled Federal Form 1120 for tax periods ending 12/31/2010 through 12/31/2023.  No separate form 1120 is required to be filed for Exporter.  Filings for Exporter are included in the consolidated 1120-S filings for UFI;

J.     UFI Transportation, LLC ("**Transportation**") – unfiled Federal Form 941 for tax period ending 9/30/2022.  The Trustee anticipates that the return will be filed for Transportation on or before April 30, 2024;

K.     Furniture Wood, Inc. – unfiled Federal Form 940 for tax period ending 12/31/2023, unfiled Federal Form 1120-S for tax period ending 12/31/2021, and unfiled Federal Form 1120S for tax period ending 12/31/2023.  Furniture Wood, Inc. is a separate C-Corporation and not part of the consolidated return for UFI.  It is anticipated that the returns for Furniture Wood, Inc. will be filed on or before April 30, 2024.

L.     2023 Income Tax Returns – The Trustee anticipates that these returns will be prepared and filed by June 15, 2024.

24.     After the returns are filed and processed by the Service, the Service may file a Proof of Claim in this matter for amounts owed for any of the Debtors.  For those amounts

that qualify as Priority Tax Claims, the Plan shall be deemed amended to include the liabilities in Section 5.1.2. "Class 1B: Priority Tax Claims".

25.     Further, Section 5.1.2 shall be amended to include the following default language with respect to the Service's priority claims:

> Default Provision:  A failure by any Debtor (or the Liquidating Trustee) to make a payment due to the Service according to the terms of the confirmed plan shall be construed as an event of default as to the Service.  In the event of default, and after the Service provides written notice of default, the Debtor (or the Liquidating Trustee) has ten (10) business days to cure the default.  In the event of an uncured default, and upon proper Notice of Default and opportunity to cure, the entire outstanding allowed claim shall become due and payable immediately, and the Service may exercise all rights and remedies it may have under applicable non-bankruptcy law regarding the allowed claims and seek such relief as may be appropriate in the bankruptcy court.

THEREFORE, in consideration of all of the foregoing, IT IS ORDERED that the Plan is hereby CONFIRMED and that this Confirmation Order shall be effective immediately upon entry.

IT IS FURTHER ORDERED that this Confirmation Order shall be effective immediately upon entry, and neither the stay provided in Federal Rule of Bankruptcy Procedure 3020(e) nor any other stay shall delay the immediate implementation of the terms of the Plan and this Confirmation Order.

##      END OF ORDER      ##

APPROVED AS TO FORM:


 /s/ Sylvie D. Robinson
SYLVIE D. ROBINSON
Attorney for Mississippi Department of Revenue


 /s/ Samuel D. Wright
SAMUEL D. WRIGHT
Assistant U.S. Attorney, for the Internal Revenue Service



Order Submitted By:

Douglas C. Noble, MS Bar No. 10526
**McCraney │ Montagnet │ Quin │ Noble, PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone:  (601) 707-5725
Email:  dnoble@mmqnlaw.com

*Counsel to Chapter 11 Trustee*

## **EXHIBIT 1**

Notice of Effective Date
(on following page)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| UNITED FURNITURE INDUSTRIES, INC., *et al.*[2] | ) | Case No. 22-13422-SDM |
| | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

## <u>NOTICE OF EFFECTIVE DATE OF PLAN OF LIQUIDATION</u>

TAKE NOTICE THAT, pursuant to the *Order Confirming Plan of Liquidation* entered by the Bankruptcy Court on March ____, 2024 (the "**Confirmation Order**"), confirming the *Plan of Liquidation* (the "**Plan**"), and pursuant to the provisions of the Plan, **the Effective Date of the Plan occurred on  March __, 2024**.  Unless otherwise defined in this Notice, capitalized terms and phrases used herein shall have the meanings assigned to them in the Plan and the Confirmation Order, which in all respects govern the matters set forth herein.  The Effective Date of the Plan is determined to occur after all conditions set forth in Section 11.2 of the Plan have been satisfied or waived.

TAKE FURTHER NOTICE THAT, subject to the provisions of Article 13 of the Plan and the terms of the Confirmation Order, on and after the Effective Date, the provisions of the Plan shall be binding upon and inure to the benefit of the Trustee, the Debtors, all present and former holders of Claims against and Interests in the Debtors, their respective successors and assigns, and all other parties-in-interest in these Cases.  Except as otherwise provided in the Plan or the Confirmation Order, on the Effective Date (a) all Trust Assets were vested in the UFI Liquidating Trust, and (b) the Liquidating Trustee was vested with and shall have all rights, powers, authority and duties set forth in the Plan, the Confirmation Order and the Liquidating Trust Agreement.

### IMPORTANT DEADLINES

The following deadlines are established, either in the Plan or the Confirmation Order, by which dates certain action may be required to be taken in order to preserve certain rights thereunder:

- Final Compensation Applications for allowance and payment of Administrative Claims incurred by the Trustee or any Professionals prior to the Effective Date must be filed with the Bankruptcy Court and properly noticed <u>no later than thirty (30) days after the Effective Date</u>.

---

[2]     The Debtors in these Chapter 11 cases, and the last four digits of each Debtor's federal tax identification number, are as follows: United Furniture Industries, Inc. (2576); United Furniture Industries NC, LLC.(9015); United Furniture Industries CA, Inc. (9966); FW Acquisition, LLC (2133); Furniture Wood, Inc. (9186);United Wood Products, Inc. (1061); Associated Bunk Bed Company (0569); UFI Royal Development, LLC (8143); UFI Exporter, Inc. (6518); UFI Transportation, LLC (9471); and LS Logistics, LLC (7004).

- If rejection of an Executory Contract or Unexpired Lease effected pursuant to the Plan results in a Rejection Claim, then such Rejection Claim must be filed with the Bankruptcy Court and served on counsel for the Trustee <u>no later than thirty (30) days after the Effective Date</u>.

<u>Failure to adhere to and comply with these deadlines and with any applicable provisions of the Plan or Confirmation Order relating thereto will result in such Claim being forever barred and unenforceable against the Trustee, the Debtors, the Liquidating Trust or the properties or assets of any of them</u>.  If a response or objection to any Claim filed or asserted by such deadline is filed by the Liquidating Trustee, resolution of such Claim will be made by the Bankruptcy Court or otherwise in accordance with the Plan.

## COPIES OF IMPORTANT DOCUMENTS

Copies of the Plan, Confirmation Order, Liquidating Trust Agreement, and Proof of Claim forms for filing Rejection Claims, as well as other documents relating to these Cases, may be obtained free of charge:

(i) at the website hosted by Epiq Corporate Restructuring, LLC, the Trustee's noticing and claims agent, https://dm.epiq11.com/UnitedFurniture, or

(ii) by requesting same *via* e-mail at UnitedFurnitureInfo@epiqglobal.com.

THIS THE _____ day of April, 2024.

**BY ORDER OF THE COURT**